### THE GEORGIA RAILROAD *vs.* COLE *et ux.*

In a case against a railroad for damages on account of a personal injury, which was closely contested upon the facts, after the jury had been charged and retired, the court had them brought into the court-room, and after stating to them that he was informed that they were not likely to agree, asked if it were true. A juror replied that it was. The court inquired whether the trouble was upon a matter of law or of fact, to which the juror responded that it was upon a question of amount; that they differed about the amount. The court said: "Gentlemen, I cannot aid you in that, as I know of, in any way, further than to say that, upon that matter, the jury ought to make a very earnest effort to agree—to reconcile conflicting opinions as to amounts. I merely give you that as advice of the court. You must make an effort to agree upon the amount. Of course, a juror ought not to give up his convictions, if they are so strong, but there ought to be an effort to come to an agreement. You can retire and see if you cannot agree upon the amount:"

*Held*, that this was error, and, after a verdict for the plaintiffs, will require a new trial. The jury might have understood the court as favoring a finding for the plaintiffs; and his remark might have induced some of them to give up opinions which they may have entertained in favor of the defendant.

Jackson, C. J., concurred.

Hall, J., concurred *dubitante*.

March 23, 1886.

Practice in Superior Court. Charge of Court. Before Judge RICHARD H. CLARK. DeKalb Superior Court. September Term, 1885.

The facts are stated in the head-note.

JOS. B. CUMMING; CANDLER, THOMSON & CANDLER; HILLYER & BRO., for plaintiff in error.

Hoke & Burton Smith, for defendants.

Blandford, Justice.

The main error complained of is that, after the jury had been charged with the case and had retired to consider the same, the court had them brought into court and said to them that he understood that they were not likely to agree upon a verdict, and inquired as to the trouble, and whether the same was matter of law or fact.   A juror, as spokesman for the jury, answered, "It is upon the question of amount." The court then said: " I cannot aid you in that, as I know of, in any way, further than to say that, upon that matter, the jury ought to make a very earnest effort to agree upon the amount. Of course, a juror ought not to give up his convictions, if they are so strong,  but there ought to be an effort to come to an agreement.   You can retire and see if you cannot agree upon the amount."

The case is closely contested upon the facts, which were sufficient to have authorized the jury to have found a verdict for either party.   There had been no verdict rendered by the jury or made by them, and when the court sent for them and ascertained the cause of their disagreement (which it was his right to do), and that the same was as to matters of fact, he should have sent them back without any instructions.   Such matters were alone for the consideration of the jury.   It is possible that the jury may have understood the court as favoring the finding in favor of the defendant in error, inasmuch as he urged them to make a very earnest effort to agree upon the amount, and this might have led to the verdict rendered in this case. And while we think that the court acted alone from a desire to prevent a mistrial, which was a laudable and proper motive, yet, taking the facts into consideration, the jury may have been misled by the instructions of the court, which might have induced some of them to give up their opinions

and judgment in favor of plaintiff in error. We think that, under these circumstances, a new trial should be had.

Judgment reversed.

Jackson, Chief Justice, concurred.

Hall, Justice, concurred *dubitante.*