## CHANDLER v. THE STATE.

BECK, J. .1. Though the fear of being convicted of an offense against the penal laws of the State will not excuse a witness for swearing falsely, yet where upon a succeeding trial he admits the falsehood of the testimony formerly given and deposes to the contrary of that testimony, attributing his perjury to the fear above set out, it may afford a moral explanation sufficient to account to the jury for the false testimony; and where the explanation is satisfactory to the jury, the witness may be believed with or without corroborating circumstances or supporting evidence. See *McCoy* v. *State*, 78 *Ga*. 490; *Burns* v. *State*, 89 *Ga*. 528(6); *Huff* v. *State*, 104 *Ga*. 521.

2. It is manifestly not harmful error for the court to interrupt defendant's counsel during the cross-examination of a witness for the State and to suggest that he change the language of his question, when the witness in his answer gives the testimony sought to be elicited by the original question of the attorney.

3. No error was committed in the charge complained of. The verdict was amply supported by the evidence, and the court properly refused to grant a new trial. *Judgment affirmed. · All the Justices concur.*

Argued January 15,—Decided February 15, 1906.

Conviction of shooting at another. Before Judge Hammond. McDuffie superior court. November 25, 1905.

The charge referred to in the third headnote is that complained of in the following ground of the motion for a new trial: "Because the court erred in sending for the jury after they had retired, and recharging them that it was their duty to agree and not to disagree, after they had informed the court that their failure to agree was not

a question of law, but of fact." It appears, that after the jury had been out for some time, they were sent for by the court, and the following occurred: The court asked the foreman of the jury if they had agreed on a verdict. The foreman replied: "We have not." The court: "Is the difficulty in your way a question of law or a question of fact?" Foreman: "It is a question of fact." The court: "Well, gentlemen, the court can give you no aid, if it is a question of fact. If it is a question of law, the court stands ready to charge you. The court says to you that it is your duty to counsel, one with the other, and, if possible, reach an agreement in this case. It is the duty of the jury to agree, and not to disagree; and while no juror ought to sacrifice his honest convictions, he should listen to the counsels of his fellow-jurors, and should discuss his differences with them, if any exist. Retire and make up a verdict." Cited, as to this ground, 83 *Ga.* 444; 11 Enc. Pl. & Pr. 304, and cit.

*G. L. Callaway* and *B. L. Wall,* for plaintiff in error.

*J. S. Reynolds, solicitor-general,* by *John M. Graham,* contra.