## ALABAMA GREAT SOUTHERN RAILROAD CO. *v.*
## DAFFRON.

1. The court should not unduly press a jury to agree upon a verdict; and in the use of any remarks designed to impress the desirability of reaching a verdict, he should be careful to refrain from any expression of a coercive nature or which possibly may mislead them into an erroneous method of reaching a verdict. Upon being informed by the jury of their inability to agree upon the amount of recovery, the judge's instruction that verdicts are mostly compromises, and his illustration of that statement, was prejudicial to the defendant; its tendency was to suggest that the jurors might arbitrarily compromise, divide, and yield for the mere sake of agreement.
2. Other than as indicated, no error was committed which would require a new trial.

JULY 12, 1911.

Action for damages. Before Judge Fite. Dade superior court. July 23, 1910.

*A. E. Goodhue* and *Foust, Payne & Tatum,* for plaintiff in error. *Reuben R. Arnold,* contra.

EVANS, P. J.  Mrs. Jessie Daffron, administratrix of Joseph Daffron, sued the Alabama Great Southern Railroad Company to recover damages for the alleged wrongful death of her husband, who was a fireman in the employment of the defendant at the time of his death. After the case had been submitted to the jury and they had been deliberating upon the same for about twenty-four hours, they were called into the court-room, and inquiry was made by the judge whether they had agreed upon a verdict, or were likely to agree; and upon being informed that they had not agreed, the court said: "I regret exceedingly, gentlemen, for you to fail to make a verdict in this case, and trust that you will come together on the facts," and, after instructing them that they were the sole judges of the facts and that the court could not render any assistance in solving the facts of the case, the court said: "You will first determine, as I have before stated, whether or not there should be a recovery; and if you determine there should be, you will settle the amount if you possibly can. If you determine there should not, then you will find for the defendant company. Now, gentlemen, see if you can not get together." The jury returned to their room and about twenty-four hours thereafter they were again called into the court-room, when the following colloquy occurred between the court and the jury: Judge: "Gentlemen of

the jury, have you agreed upon the question as to the right to recover?" Juror: "We have, but differ as to the amount." Court: "It does look like you might agree upon that; you ought to agree upon the amount. I might be going a little too far, but verdicts are mostly all compromises. No man gets all he wants in things of that kind; and having agreed upon the essential point, the question of whether or not there should be a recovery, it does look like you all might get together on some amount,—that is, you might make a conjunction, as defined by an old rural school-teacher, who, when asked what a conjunction was, said, 'A conjunction is the coming together of two or more persons or things, as John and James met.' You may retire and see if you can come together." A verdict for the plaintiff was rendered within a few hours after this recharge. The defendant moved for a new trial, which was refused.

1. This court has indulged judicial urging of a verdict to a considerable extent. Unless the remarks of the judge amounted to coercion, or a direction to arbitrarily compromise individual conflicting views solely for the sake of agreement, the court has declined to set aside the verdict. It has been ruled that a new trial will not be granted where the court, upon a failure of the jury to agree, addressed to them certain remarks tending to impress upon them the importance of the case, the desirability of rendering a verdict, and the expense of a retrial, and sent them back for further deliberation. *Allen* v. *Woodson, 50 Ga.* 53; *Parker* v. *Georgia Pacific Railway Co.,* 83 *Ga.* 539 (10 S. E. 233) ; *Golatt* v. *State,* 130 *Ga.* 18 (60 S. E. 107). In each of these cases the court recognized the impropriety of unduly pressing a jury to arrive at a verdict, and in one of them stated that the trial judge went to the allowable limit. When informed that the jury is unable to agree upon a verdict, the court in his remarks upon the desirability of reaching a verdict should be very careful not to employ any expression of a coercive nature, nor should he say anything which might mislead them as an instruction that some of them should yield their conscientious opinions and convictions upon a material feature of the case, solely for the sake of making a verdict. *Georgia Railroad* v. *Cole,* 77 *Ga.* 77. In the case just cited, which was one closely contested on the facts, after the jury had been charged and retired, the court had them brought

into the court-room, and, after stating to them that he was informed that they were not likely to agree, asked if it were true. The jury replied that it was. The court inquired whether the trouble was upon a matter of law or fact, to which the jury responded that it was upon a question of amount,—that they differed about the amount. The court said: "Gentlemen, I can not aid you in that, as I know of, in any way, further than to say that, upon that matter, the jury ought to make a very earnest effort to agree—to reconcile conflicting opinions as to amounts. I merely give you that as advice of the court. You must make an effort to agree upon the amount. Of course, a juror ought not to give up his convictions, if they are so strong, but there ought to be an effort to come to an agreement  You can retire and see if you can not agree upon the amount." This court held that these remarks might have induced some of the jurors to give up opinions entertained in favor of the defendant, simply to make a verdict; and a new trial was granted on this ground. In the present case the court instructed the jury that "verdicts are mostly all compromises," and his illustration was calculated to induce them to arrive at a common sum by a compromise without reference to the individual convictions of the jurors as to the amount the plaintiff was entitled to recover. In Goodsell v. Seeley, 46 Mich. 623 (41 Am. R. 183, 10 N. W. 44), which was a personal-injury case, the jury informed the court that they "had not agreed, but stood eleven to one, and divided on $200." The judge in reply told them, "if that is the only difference, it would be better for the county and the parties on both sides that one or both sides yield so as to come together. It would be unfortunate for all to have a disagreement when the difference is so small," and he asked them to get together if possible. A new trial was granted upon this ground, and in the opinion Judge Cooley said: "It is no doubt true that juries often compromise in the way here suggested, and that by 'splitting the difference' they sometimes return verdicts with which the judgment of no one of them is satisfied. But it is an abuse. The law contemplates that they shall, by their discussions, harmonize their views if possible, but not that they shall compromise, divide, and yield for the mere purpose of an agreement. The sentiment or notion which permits this tends to bring the jury trial into discredit and to convert it into a lottery. It was no doubt

very desirable to the public and to the parties that the jurors should agree if they could do so without sacrificing what any one of them believed were the just rights of the parties; but not otherwise." Moreover, the court characterized the jury's agreement that the plaintiff should have a recovery as the essential point in the case, thus minimizing the importance of the amount of the recovery. In the petition the damages were laid at $20,000; the verdict was for $7,500. We have no means of knowing the views of the individual jurors as to the amount which each thought the plaintiff was entitled to recover. The tendency of the court's remarks was to create an impression that, having agreed upon the right of the plaintiff to recover, the jurors need not be so careful in fixing the amount, which might be arrived at as a result of an arbitrary compromise of the individual views of the jurors.

2. The various charges complained of were without substantial error, and the general charge covered the essential features in the requests to charge. Other than as indicated in the first division of the opinion, no error requiring a new trial is made to appear.          *Judgment reversed. All the Justices concur.*