## GAMBO *v.* DUGAS & SON.

LUMPKIN, J. 1. Even if there was any evidence which would authorize a charge on the subject of the statute of frauds had that statute been set up by plea, no such defense was pleaded, and there was no error in failing to charge on the subject of the statute of frauds because of a parol request to do so.

2. After the jury had been out in their room considering the case for two hours, there was no error in calling them back into the court-room and inquiring if they had agreed upon a verdict.

3. In a civil case in which the amount involved was $129.50, and there were only one or two issues, and the evidence was not complicated, after the jury "had deliberated for a while on the case," and after the court had inquired of them whether they had agreed on a verdict, and had been informed that they had not done so, and after the foreman had informed the court that there seemed to be quite a serious disagreement, and that he had inquired if the jury wished to be again charged on any point, but had received "nothing definite," and presumed that it was "an element of fact rather than of law," the court said to the jury: "The court is ready to give you any further help. The foreman does not seem to know what your pleasure is in the matter. You are selected to try this case and determine it. It is your duty to do it. If any individual juror would like to ask the court, I would be glad to instruct. Anything further, gentlemen? Now, gentlemen, let me say to you: It is your duty to agree on a verdict in this case. The case

has been fully and completely tried. You are just as competent as any jury would be of disposing of it. I say to you, gentlemen, it is no credit to a juror to stand out, in a pure spirit of stubbornness, because he has taken a position. It is the duty of every juror to consult with every other juror and reach a mutual understanding in the case. The court does not mean to say that a juror is to give up an abiding conviction in the matter, but it is your duty to reconcile such differences, if any exist, and it is possible to do so. If you follow the principles of law given by the court, you ought not to have any trouble in agreeing on a verdict." *Held*, that this charge pressed the urging of the jury to agree upon a verdict to the utmost line permissible, and to the very verge of error. It is much better for trial judges to be conservative in such matters, rather than to bring their instructions so close to the line of undue pressure, with the danger that in a close or doubtful case, or one where there is any other error, it might require a retrial of the case. But, under the facts of this case and under former rulings of this court, the charge above stated will not necessitate a reversal. *White* v. *Fulton*, 68 *Ga.* 511 (3); *Parker* v. *Georgia Pacific Ry. Co.*, 83 *Ga.* 539 (10 S. E. 233); *Austin* v. *Appling*, 88 *Ga.* 54 (13 S. E. 955); *Metropolitan Street R. Co.* v. *Johnson*, 90 *Ga.* 500 (9), 501 (16 S. E. 49); *Jones* v. *State*, 117 *Ga.* 710 (44 S. E. 877); *Chandler* v. *State*, 124 *Ga.* 821 (3), 822 (53 S. E. 91); *Southern Ry. Co.* v. *Fleming*, 128 *Ga.* 241 (57 S. E. 481, 10 Ann. Cas. 921); *Golatt* v. *State*, 130 *Ga.* 18 (60 S. E. 107).

(a) The instructions involved in *Georgia Railroad & Banking Co.* v. *Cole*, 77 *Ga.* 77, and in *Alabama Great Southern R. Co.* v. *Daffron*, 136 *Ga.* 555 (71 S. E. 799, 25 Ann. Cas. 438), were different from those now under consideration. In the former case the jury were told to agree upon an amount, which plainly indicated that some amount should be found. In the latter case the judge inquired of the jury if they had agreed upon the question as to the right to recover, to which a juror answered that they had, but differed as to the amount. The court thereupon said: "It does look like you might agree upon that; you ought to agree upon the amount. I might be going a little too far, but verdicts are mostly all compromises. No man gets all he wants in things of that kind; and having agreed upon the essential point, the question of whether or not there should be a recovery, it does look like you all might get together on some amount,—that is, you might make a conjunction, as defined by an old rural schoolteacher, who, when asked what a conjunction was, said 'A conjunction is the coming together of two or more persons or things, as John and James met.' You may retire and see if you can come together." A verdict was rendered a few minutes thereafter, and this court held that the charge unduly urged an agreement by the jury, and that this instruction had a tendency to suggest that the jury might arbitrarily compromise, divide, and yield for the mere sake of agreement.

*Judgment affirmed. All the Justices concur.*

August 16, 1916.

Complaint. Before Judge Hammond. Richmond superior court. July 8, 1915.

*W. Inman Curry,* for plaintiff in error.

*Garlington & Cozart,* contra.