9388. DALTON FRUIT AND PRODUCE COMPANY *v.* PURYEAR.

HARWELL, J. 1. The statement by the court to the jury, complained of in the motion for a new trial, was not erroneous for the reason assigned, namely, that it was an undue intimation that the minority should accept the viewpoint of the majority and make a verdict. Compare *White* v. *Fulton,* 68 *Ga.* 511 (3); *Central R. &c. Co.* v. *Neighbors,* 83 *Ga.* 444 (2), 447 (10 S. E. 115); *Parker* v. *Ga. Pac. Ry. Co.,* 83 *Ga.* 539 (8, 9), 548 (10 S. E. 233); *Golatt* v. *State,* 130 *Ga.* 18 (3), 21 (60 S. E. 107).

2. There was evidence sufficient to support the finding of the jury that the mule's death was caused by negligence of the defendant's agent in overfeeding it; and the trial judge did not err in overruling the motion for a new trial.

     *Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*

         DECIDED JULY 10, 1918.

Action for damages; from Whitfield superior court—Judge Tarver. November 17, 1918.

Carl Puryear sued the Dalton Fruit & Produce Company for damages in the sum of $200 on account of the death of a mule that he had rented to the defendant. He alleged that the defendant failed to exercise due diligence in the care of the mule, and caused its death by overfeeding. He introduced evidence to the effect that the mule was in good condition when turned over to the defendant, and that it died because of having been overfed by the defendant's agent. The defendant by its evidence sought to show that the mule was not overfed, and that the death of the animal did not result from negligence on the part of the defendant or its agent. The jury returned a verdict in favor of the plaintiff, for $102.90. The defendant's motion for a new trial was overruled, and the movant excepted. The only ground of the motion, other than the usual general grounds, was as follows: "Because during the consideration of the case by the jury after the case had been submitted to the jury for consideration by the court, after the jury had been out for twenty-four hours considering the case, the presiding judge erred when he called the jury before him and the fol-

lowing took place: 'By the court: Mr. Foreman and gentlemen, have you agreed upon a verdict, or are you likely to agree? By juryman: No, sir, we couldn't agree. By the court: Without indicating how you stand, that is as to which number favor one side and which the other, you might tell me how you are divided. By juryman: 10 to 2. By the court: Is it a question of fact or a question of law that is causing the trouble? By juryman: It is a question of evidence, question of fact. By the court: As to that I can't be of any assistance to you. I want to say this to you, gentlemen, you should discuss this case carefully, review all of the evidence, go over it again, if necessary in order to fix in your minds what it is. I don't ask you or advise you to surrender any conscientious convictions that you may have relative to the truth of the evidence or what your verdict should be, but at the same [time] it is not improper for me to say' to you that you should endeavor to get the other man's viewpoint of the evidence, try to decide whether or not he might be right, and, after taking into consideration all of the facts as they have gone before you, and considering the case from every angle that you are able to do, try, if possible to do so conscientiously, to reach a verdict. I will let you retire, gentlemen, and renew your consideration of the case. You may retire.' This was an undue intimation on the part of the court that the two should get the viewpoint of the ten, and amounted to a practical direction to the jury to make a verdict."

*J. J. Copeland, W. C. Martin,* for plaintiff in error.

*Glenn & House,* contra.