10224. EVITT *v.* WESTERN & ATLANTIC RAILROAD COMPANY.

LUKE, J. 1. The charge of the court, when considered as a whole, was full and fair and not subject to the criticisms urged.

2. The fact that in offering certain evidence, which the court, on objection, excluded, the defendant's counsel stated what he was offering as evidence, and his reasons therefor, was not, in view of the judge's order refusing to admit the evidence, ground for a new trial.

3. The error assigned upon the conduct of the judge in inquiring of the jury, during their deliberations, if they had made a verdict, etc., was not error for any reason assigned. See *Dalton Fruit & Produce Co.* v. *Puryear,* 22 *Ga. App.* 489 (96 S. E. 344), and cases there cited.

4. The evidence fully sustained the verdict, which had the approval of the trial judge; and for no error assigned is a reversal of the judgment overruling the motion for a new trial required.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*

DECIDED APRIL 17, 1919.

Action for damages; from Catoosa superior court—Judge Tarver. October 4, 1918.

In the motion for a new trial it is stated that after the jury had been out for some time the judge recalled them and asked whether they had agreed or were likely to agree upon a verdict. A juror replied: "I don't know; it don't look like we are going to get together." The court: "Is it a question of law or of fact that is disturbing you?" Juror: "A little of both, I reckon. Somehow or another we can't get convinced just how about the fire." The court: "It is a question of fact then?" Juror: "Yes, sir." The

court: "If it is a question of fact I could not be of any [help] to you; if a question of law I might be able to help you. Without stating which number favor one side and which the other, you might state how you are divided as to numbers." Juror: "It is eight to four." The court: "Has there, been any change very recently?" Juror: "Yes, sir." The court. "I will let you retire, gentlemen. I want to say this to you: that you ought to go over the evidence as it was delivered from the witness stand, carefully and conscientiously. No juror ought to surrender any honest conviction that he may have as to what the truth of the evidence is. At the same time you ought to view the evidence from every angle, from your fellow's standpoint as well as from your own; and if, after careful consideration, it is possible for you to arrive at a conscientious verdict, which in your opinion speaks the truth, you ought to do so. You can retire." It is alleged that the court erred in inquiring how the jury were "divided as to numbers;" that this was an invasion of the province of the jury and tended unduly to induce the four jurors to agree to a verdict; that the question, "Has there been any change very recently?" was objectionable for the same reason; that the court erred in instructing the jury as set out above; that they should have been sent back without any instruction; that the language of the court pressed them unduly towards finding a verdict, and was misleading as to their duty in making a verdict. Counsel for the plaintiff cited as to these exceptions: *Ga. R.* v. *Cole,* 77 *Ga.* 77, 78; *Ala. Great So. R. Co.* v. *Daffron,* 136 *Ga.* 555. Opposing counsel cited: *Dalton Fruit &c. Co.* v. *Puryear,* 22 *Ga. App.* 489; *Chandler* v. *State,* 124 *Ga.* 821(3), 822; *Golatt* v. *State,* 130 *Ga.* 18; *Gambo* v. *Dugas,* 145 *Ga.* 614, and citations.

*William E. Mann, Gordon Mann,* for plaintiff.

*Tye, Peeples & Tye, Maddox, McCamy & Shumate,* for defendant.