### 11164.   VARNUM *v.* THE STATE.

In sending for the jury and in the inquiries addressed to them, after they had retired to consider the case, and in the instructions given to them when the foreman stated that they were divided on a question of fact, no error requiring a new trial was committed by the trial ·judge.

The verdict was authorized by the evidence.

DECIDED JULY 28, 1920.

Indictment for manufacture of intoxicating liquor; from Pike superior court — Judge Searcy. May 29, 1920.

In the ground of the motion for a new trial as to the action of the court in sending for the jury and addressing inquiries to them, and giving the instructions set out, it is contended that "said proceeding" was and must have been construed by the jury as in the nature of a reprimand to them for failing to make a verdict, and as in the nature of a command to return a verdict, and was coercive in its effect and destructive of the defendant's right to an impartial adjudication of his case by a jury free from outside influence or coercion.

*W. H. Conner,* for plaintiff in error, cited: 9 *Ga. App.* 162.

*E. M. Owen, solicitor-general,* contra, cited: 145 *Ga.* 614; 128 *Ga.* 241; 117 *Ga.* 710; 90 *Ga.* 500 (9); 88 *Ga.* 54.

BLOODWORTH, J.   1. The verdict in this case has the approval of the trial judge, and there is ample evidence to support it.

2. Error is alleged because, after the jury had been charged and "for some time" had been considering the case, the judge, on his own motion, had the jury brought back into the court-room, when the following occurred.  The court said: "Gentlemen of the jury, I have sent for you to inquire if you have made a verdict."  Foreman: "No, sir."  The court: "I wish to inquire of the jury how they are divided; not as to what side they are on, but how divided as to numbers."  Foreman: "Ten against two."  The court: "Are you divided on questions of fact, or of law?"  Foreman: "It is on a question of fact."  The court: "The object of legal investigations, gentlemen, is the discovery of truth and the reaching of a verdict.  Mistrials are to be deprecated, and to be avoided when possible.  It is expensive to a party charged with a crime to have to come into court a number of times to stand trial for the same offense, and it is expensive to the public; but while this is true, it is not intended that jurors should surrender conscientious conviction, if they have a conscientious conviction, — that is one that satisfies the conscience of the juror.  A 'conscientious conviction' does not necessarily and alone mean to have a fixed opinion; because there can be a fixed opinion without it being from conscientious conviction.  The fixed opinion may be the result of an obstinate will and determination to hold out because one takes a position and is unwilling to surrender it.  A conscientious conviction means a conviction that grows out of the evidence and that appeals to reason and judgment.  Such a conviction as this ought not to be surrendered.  Jurors have no right to take a position and merely remain in that position simply because they take it without regard to the evidence and without regard to his conscience and his oath.  As to what has been testified in this case is a matter wholly for you; the court has nothing to do with it; but I think the court may in this case, as in any other case, instruct the jury along these lines in order that a full discussion of the evidence may be entered into, and the jury may give to each other their opinions of the evidence, and, after discussing the facts as they have been developed, they might then reach, if possible, or at least make an honest effort to reach, a verdict in the case.  If they are unable

to do so, a mistrial results necessarily. You should reach a verdict which satisfies both the judgment and the conscience of each juror, and then it is your duty to return that verdict, whatever it may be. Retire and reenter upon the discussion of the evidence in this case, and apply the rules of law heretofore given you in charge to the same, and see if you are able to reach a verdict." Under the facts of this case this was not error requiring the grant of a new trial. See *Golatt* v. *State,* 130 *Ga.* 18 (3) (60 S. E. 107); *Chandler* v. *State,* 124 *Ga.* 821 (3), 822 (53 S. E. 91); *Dalton Fruit & Produce Co.* v. *Puryear,* 22 *Ga. App.* 489, 490 (96 S. E. 344).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*