## 12259. ATLANTA & WEST POINT RAILROAD CO. *v.* REESE.

STEPHENS, J. 1. "Where a railroad company permits other companies or persons to exercise the franchise of running cars drawn by steam over its road, the company owning the road, and to which the law has entrusted the franchise, is liable for any injury done, as though the company owning the road were itself running the cars." *Macon & Augusta R. Co.* v. *Mayes,* 49 *Ga.* 355 (15 Am. Rep. 678). It follows therefore that in a suit for personal injuries received by the plaintiff while a passenger on one of the defendant's trains, caused by a collision between the train upon which the plaintiff was riding and freight-cars

belonging to the defendant, which had gotten upon the track in advance of the train by reason of the alleged negligence of the employees of a manufacturing company in handling such cars on a spur-track belonging to the defendant company on the premises of the manufacturing company, where the spur-track was constructed for the purpose of enabling the manufacturing company to load and unload cars switched upon it by the defendant, a charge to the effect that if the jury believed that the defendant was permitting the manufacturing company to use the defendant's spur-track for the purpose of loading and unloading cars and moving and placing cars on it, and that as a result of the negligence of the manufacturing company in moving such cars on the spur-track the cars got from under the control of the operatives of the manufacturing company and came upon the defendant's main line and caused the collision in question, the defendant would be liable for any damages resulting therefrom, was not error in instructing that the defendant would be liable for negligence of the servants of the manufacturing company. This is true even though the defendant was under a legal obligation, as contended by it, to construct the spur-track upon the property of the manufacturing company.

2. The negligence of a railroad company in operating its trains within the limits of a city in violation of a municipal ordinance regulating the speed of trains within the city limits, may amount to negligence proximately contributing to the injury of a passenger on such a train who is injured in a collision between it and an obstacle on the track.

3. One of the grounds of negligence, supported by the evidence, being that a rail-deflector maintained by the defendant upon the spur-track, for the purpose of derailing cars when necessary to prevent their coming on to the defendant's main line, was not properly equipped with a locking device so that a trespasser could not operate it and prevent it from performing its proper function, it was not error for the court, after instructing the jury that if the rail-deflector was in perfecting working condition, or was set so as to derail the cars on the spur-track, and that a trespasser, or some one not acting under the defendant's authority, had, before the collision, changed the rail-deflector and prevented it from derailing the cars, the defendant would not be liable, to add that the defendant would not be liable, under such conditions, provided the jury should further believe that in installing the rail-deflector the defendant exercised the diligence required of it to protect the plaintiff while a passenger on the defendant's train.

4. "While the general rule is that if, subsequently to an original wrongful or negligent act, a new cause has intervened, of itself sufficient to stand as the cause of the misfortune, the former must be considered as too remote, still if the character of the intervening act claimed to break the connection between the original wrongful act and the subsequent injury was such that its probable or natural consequences could reasonably have been anticipated, apprehended, or foreseen by the original wrong-doer, the causal connection is not broken, and the original wrong-doer is responsible for all of the consequences resulting from the intervening act." *Southern Railway Co.* v. *Webb*, 116 *Ga.* 152 (42 S. E. 395, 59 L. R. A. 109). Certain requests to charge made by the defendant did not

measure up to the principle here announced, and the court properly declined to give the requested instructions to the jury.

5. The requests to charge, so far as appropriate, were covered by the charge of the court.

6. The court properly instructed the jury that before the plaintiff could recover of the defendant for certain physical ailments from which she claimed to suffer at the time of the trial, as a result of the injuries received in the collision, the jury must first believe that the plaintiff's present condition was the natural result of the injuries received in the collision, and did not result from other causes.

7. Error is assigned as follows: "After the court had charged the jury, and the jury retired to consider their verdict, failing to return a verdict, the court had the jury brought into court and the following occurred: The court inquired if there was any probability of reaching a verdict. The jury replied, 'No.' The court then inquired, 'Is it a matter of law or a question of fact that is worrying you?' The jury replied, 'of fact.' He then said, 'Without intimating which side any of you might favor, how does the jury stand?' The foreman replied, 'It is a question of amount; there is a very wide difference between us.' The court then said, 'It is very expensive to the county to try this case, and it is necessary that you make a verdict, if you can. I thought your trouble might be of law, and if so I might help you, but, being of fact, I will let you return to your room.'" The language of the court is not subject to the objection that the judge intimated an opinion on the facts in favor of the plaintiff, or that it was otherwise calculated to harm the defendant's case in the minds of the jury. The ruling made in *Georgia Railroad* v. *Cole*, 77 *Ga.* 77, is not applicable to the facts as here presented. In that case it was held error for the trial judge, after having ascertained that the jury could not agree upon the amount to be given to the plaintiff, to instruct them, "Retire and see if you can not agree upon the amount." In the present case the judge did not so express himself. The language of the court here used is not sufficient ground for reversal.

8. The petition set out a cause of action, and the court did not err in overruling the demurrers interposed thereto.

9. No error of law appears, and the evidence authorized the verdict rendered for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Hill, J., concur.*

DECIDED MARCH 4, 1922.

Action for damages; from Coweta superior court — Judge Blair presiding. January 28, 1921.

*W. G. Post, H. A. Hall, Brewster, Howell & Heyman,* for plaintiff in error.

*S. Holderness, J. J. Reese, A. H. Freeman,* contra.