*Willis Smith, Smith & Millican,* for defendant.

---

### 13871. PATRICK *v.* DAVIS, agent.

BELL, J. 1. The proclamation by the President, of December 26, 1917, by which, under authority of the act of Congress approved August 29, 1916, he took possession and assumed control, through the secretary of war, of certain systems of transportation, applied only to those systems which were "engaged in general transportation," and such only were included within the provisions of the act of March 21, 1918, "providing for the operation of transportation systems while under Federal control," and for other purposes. U. S. Comp. Stat. 1918, §§ 1974a, 3115 3/4a.

(*a*) It follows that a line of railroad constructed by the war department within the reservation of a military camp, and operated exclusively by the military officers for the sole purpose of transporting the officers, military supplies, and contractors and employees engaged at the camp, did not come within the statutes and proclamation relating to Federal control, although the line made a junction with a railroad under Federal control, over which to a city thereon the military authorities had trackage concessions for the purpose of running their trains directly from the camp to the city.

(*b*) A person who was injured by the running of cars under the exclusive control of the military authorities for the purposes, and upon the line, above mentioned, extending from the camp to the junction, could

have no right of action for the injury against the director-general of railroads, by virtue of the proclamation and statutes referred to.

2. The fact that the President took possession of the railroads through the secretary of war would not render the director-general liable for the negligence of the military authorities in the operation of trains, where the director-general had no supervision, direction, or control either of the train or of the road. The provision of the act of March 21, 1918, in relation to Federal control (U. S. Comp. Stat. 1918, § 3115 3/4j), that "in any action at law or suit in equity against the carrier, no defense shall be made thereto upon the ground that the carrier is an instrumentality or agency of the Federal government," would not apply to such a case. Bryson *v.* Hines, (C. C. A.) 268 Fed. 290 (9), 11 A. L. R. 1438; Maryland &c. Co. *v.* Hines, (C. C. A.) 269 Fed. 781 (3).

3. The claim of liability upon the theory that trackage concessions between the junction and the city, upon the line under Federal control, were without authority of law, and that the director-general would be liable for the negligence of others while making an unwarranted use of his franchise, is untenable under the particular facts of this case. Where the injury did not occur on the line upon which the concession was granted, the mere fact that the engine and cars constituting the train, from the negligent operation of which the injury resulted, had been loaned or otherwise let by the director-general to the military authorities, with no supervision or control of their operation reserved, would not be sufficient to render the principle applicable. This case is readily distinguishable from *Atlanta & West Point R. Co.* v. *Reese,* 28 *Ga. App.* 275 (1) (110 S. E. 750) and *Macon & Augusta R. Co.* v. *Mayes,* cited therein (49 *Ga.* 355, 15 Am. Rep. 678).

4. This was an action for personal injuries against the director-general of railroads, which was subsequently amended by substituting the name of the Federal agent appointed under the transportation act of February 28, 1920, as the party defendant, and the case was brought here upon exception to the direction of a verdict in favor of the defendant. Applying the foregoing principles, and regardless of the question of negligence (which, if existing, was solely by the military authorities or their employees), the undisputed evidence demanded the verdict as directed.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 17, 1923.

Action for damages; from Muscogee superior court — Judge Munro. July 31, 1922.

*George C. Palmer, G. Y. Tigner,* for plaintiff.

*Battle & Arnold,* for defendant.