## 17497.   BROWN *et al. v.* THE STATE.

BROYLES, C. J.   1.   "On the trial of one for murder, where the evidence or the defendant's statement at the trial would authorize the jury to find that the person killing acted in self-defense on account of a reasonable fear aroused in his mind by words, threats, or menaces, in connection with the other facts in the case, it is not erroneous for the court, in instructing the jury on the law of voluntary manslaughter, as contained in the Penal Code of 1910, § 65, to fail or refuse to charge in immediate connection therewith the right of the jury to consider words, threats, or menaces in determining whether the circumstances attending the homicide were such as to justify the fears of a reasonable man that his life was in imminent danger or that a felony was about to be committed upon his person." "Instructions on the law of voluntary manslaughter and justifiable homicide should be independent of each other." "Although the facts of a given case might authorize an instruction as to the right of the jury to consider words, menaces, or threats, in connection with the facts of the case, as being sufficient to arouse the fears of a reasonable man that his person was in apparent or real danger of a felonious attack or that his life was in imminent danger, the failure to give such an instruction would not be erroneous solely for the reason that the court gave in charge to the jury the law of voluntary manslaughter in the language of the Penal Code of 1910, § 65." *Deal* v. *State,* 145 *Ga.* 33 (1, 2, 3) (88 S. E. 573).   Under the above-stated rulings, ground 3 of the amendment to the motion for a new trial is without merit.

2. "The trial judge is vested with large discretion in the conduct of judicial proceedings, and he may properly admonish the jury as to the desirability and importance of agreeing on a verdict, and may urge them to make every effort to do so consistent with their consciences." · 11 Enc. Pl. & Pr. 304; *Golatt* v. *State,* 130 *Ga.* 19 (60 S. E. 107).   In the instant case, after the jury had been considering of their verdict for about twen-

---

Criminal Law, 16 C. J. p. 806, n. 9; p. 961, n. 83; p. 971, n. 61; p. 1031, n. 88; p. 1091, n. 86; p. 1092, n. 95; p. 1149, n. 91; p. 1150, n. 93; p. 1180, n. 74; 17 C. J. p. 272, n. 2; p. 339, n. 64; p. 357, n. 36.

Homicide, 30 C. J. p. 409, n. 31; p. 418, n. 99, 3, 5.

ty-two hours, they sent word to the judge that they wished to speak to him. They were brought into the court-room and informed him that they had failed to reach any conclusion. The judge thereupon inquired if the trouble was a question of law or of fact, and the foreman replied that it was a question of fact. The judge then instructed them as follows: "It is a case of considerable importance, and I am quite hopeful that the jury will be able to agree. You haven't had the case with you a great while. I have no disposition to punish you or to make you uncomfortable at all, but the case has to be decided by some jury, and I suggest that you go to dinner now and rest yourselves and then come back and give it further consideration in an effort to get together." *Held:* The judge by these instructions did not unduly urge the jury to agree upon a verdict, and the language used was not calculated to injure the cause of the accused. It was not error to overrule a motion for a mistrial based upon such instructions. See, in this connection, *Dalton Fruit & Produce Co.* v. *Puryear,* 22 *Ga. App.* 489 (I) (96 S. E. 344).

3. When the extracts from the charge of the court which are complained of in the remaining grounds of the amendment to the motion for a new trial are studied in the light of the charge as a whole and the facts of the case, no harmful error appears.

4. The verdict was amply authorized by the evidence (counsel for the accused virtually concede this, since in their brief they do not argue or insist upon the general gorunds of the motion for a new trial), and the refusal to grant a new trial was not error.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*

DECIDED NOVEMBER 9, 1926.

Manslaughter; from Coffee superior court—Judge Reed. May 1, 1926.

*Quincey & Quincey, Dickerson & Kelly,* for plaintiffs in error.
*A. B. Spence, solicitor-general,* contra.