## 20076. GILBERT *v.* THE STATE.

DECIDED DECEMBER 10, 1929.

*Love & Fort, W. R. Flournoy,* for plaintiff in error.

*A. J. Perryman, solicitor-general,* contra.

LUKE, J. The defendant was charged with assault with intent to murder, and convicted of assault and battery, and excepts to the overruling of his motion for a new trial. 1. The only special ground of the motion for a new trial alleges that when the jury (which had been out less than an hour) came in and announced that they could not agree, the trial judge said: "Well, gentlemen, you might as well—get any messages you want to send home to anybody—you had better do it now while you are in here. Some jury has got to pass on this case. Without flattery, I don't know of a better jury to pass on the facts; so if you want to send any message home, the sheriff will take your message. Now, Mr. Sheriff, get plenty of lights to-night, and if necessary, if they don't make a verdict by supper time, take them to supper, and if they don't make a verdict then by a reasonable bedtime I will let them be the judge when they want to go to bed. You prepare a place for them, and the court will try to make you comfortable, gentlemen, just as much as it can. You can retire to your room." Counsel for the plaintiff in error insists that this language of the court "was both intimidating and coercive, and took from the jurors the

right that they had to consider this case freely and without threats of any kind, and for such length of time as was necessary to enable them to arrive at a verdict freely and voluntarily." With reference to this assignment of error the court in a note made the following explanation: "The defendant was a white man, and, of course, had many friends. The prosecutor also being a white man with friends. There was a great deal of testimony in the case which would require some great deal of consideration thereof by the jury. The jury, after being out only a short time, of its own accord requested to be brought before the court, stating that they could not agree. They had not had the case long enough to have gone thoroughly into it. Thereupon the court instructed the jury as contained in the language in ground 4. The reason was, to let the jury know that they would have plenty of time and that the court was not in a hurry, but that they would be made comfortable during the consideration of the case, and, therefore, in their presence instructed the sheriff to make them comfortable, to prepare supper for them, and, if necessary, to arrange a place for them to sleep." While the language of the trial judge set out in this ground of the motion is subject to criticism, and borders on reversible error, it does not, in the light of the evidence and the note of the judge with reference thereto, require another trial of the case. "The trial judge is vested with large discretion in the conduct of judicial proceedings, and he may properly admonish the jury as to the desirability and importance of agreeing on a verdict, and may urge them to make every effort to do so consistent with their consciences." *Golatt* v. *State,* 130 *Ga.* 18 (3), 19 (60 S. E. 107); *Gambo* v. *Dugas,* 145 *Ga.* 614 (3) (89 S. E. 679).

The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*