## 22817. BAKER *v.* AUGUSTA VENEER COMPANY.

DECIDED APRIL 26, 1933.

*Isaac S. Peebles Jr., Nathan Jolles,* for plaintiff.
*Curry & Curry,* for defendant.

SUTTON, J. This is the second appearance of this case in this court. The trial court sustained a general demurrer to the plaintiff's petition, and this court reversed that judgment. *Baker* v. *Augusta Veneer Co.,* 44 *Ga. App.* 383 (161 S. E. 676). While the evidence introduced on the trial of the case was conflicting, the plaintiff introduced evidence tending to establish the allegations of his petition. After the jury had considered the case for about nineteen hours, they reported that they were unable to agree and were divided on a question of fact. The court then recharged the jury as follows: "Gentlemen: It took us a day to try this case, and both sides put up what evidence they had. It does look like you gentlemen could reach a verdict in the case. We have been put to a lot of expense, a lot of time to try it, the very first case out of the pack. If we would get along like this in all our cases, we would be

in a mess. Gentlemen of the jury, it don't become any juror to stand out in a spirit of stubbornness because he has once taken a position in the case. It is his duty to confer honestly and candidly with his fellow jurors in an effort to reach a conclusion in the case. The case is submitted to you for determination and settlement, and not for disagreement. Of course, a man is not required to give up any deep and abiding convictions on any phase of the case, but he ought to confer with his fellow jurors in an effort to reach a verdict. I see by the paper every now and again that some legislator is trying to reach this very situation, making it lawful for two thirds of the jury—the opinion of two thirds of them—to be the verdict of the jury and binding. Their idea is that not to depend on having a verdict until everybody has agreed on it, we would have [save] a lot of trouble and certainly a lot of expense, but anyhow, you have nothing to do with that. We have to have it unanimous now. So, gentlemen of the jury, I am going to give you all the time you need on it, all the time you need. So retire, gentlemen, and make up your verdict." The jury then retired and in a short time returned a verdict for the defendant. The plaintiff moved for a new trial upon the general grounds and one special ground, assigning error on the above-quoted recharge of the court. The court overruled the motion for a new trial, and to this judgment the plaintiff excepts.

The trial judge is vested with large discretion in the conduct of judicial proceedings, and he may properly admonish the jury as to the desirability and importance of agreeing on a verdict. *Brown v. State,* 36 *Ga. App.* 83 (2) (135 S. E. 513). A trial judge may properly call the attention of the jury to the importance of the case, the trouble and expense it has given, and suggest the desirability of disposing of it by a final verdict, urging them to make an honest effort to agree and to listen to the counsel of their fellow jurors and discuss the differences of opinion as to the proper verdict with them. *Golatt v. State,* 130 *Ga.* 18 (60 S. E. 107); *Chandler v. State,* 124 *Ga.* 821 (53 S. E. 91); *Parker v. Georgia Pacific Ry. Co.,* 83 *Ga.* 539 (10 S. E. 233); *Allen v. Woodson,* 50 *Ga.* 53 (2); *Varnum v. State,* 25 *Ga. App.* 560 (103 S. E. 742); *Brown v. State,* supra. It has been held that for the court to charge the jury to go to their room and make an honest effort to agree on a verdict, and that if they follow the instructions of law given them by the court

they ought not to have any trouble in agreeing upon a verdict, pressed the urging of the jury to agree upon a verdict to the utmost line permissable, and to the very verge of error. *Parker* v. *Georgia Pacific Ry. Co.*, supra; *Gambo* v. *Dugas*, 145 *Ga.* 614 (3) (89 S. E. 679). However, "The court should not unduly press the jury to agree upon a verdict, and in the use of any remarks designed to impress the desirability of reaching a verdict, he should be careful to refrain from any expression of a coercive nature or which possibly may mislead them into an erroneous method of reaching a verdict. Upon being informed by the jury of inability to agree upon the amount of recovery, the judge's instruction that verdicts are mostly compromises, and his illustration of that statement, was prejudicial to the defendant; its tendency was to suggest that the jurors might arbitrarily compromise." *Alabama Great Southern R. Co.* v. *Daffron*, 136 *Ga.* 555 (71 S. E. 799, 25 Ann. Cas. 438). When informed that the jury is unable to agree upon a verdict, the trial judge in his remarks upon the desirability to reach a verdict, should be careful not to employ any expression of a coercive nature, nor should he say anything which might mislead them. Each case should be determined upon its own facts, and wherever the language of the trial judge permits any interpretation that could influence any of the jurors to yield their convictions and accept the views of the majority, it constitutes reversible error, since it in some degree detracts from that absolute fairness intended to be secured by a trial by jury. The verdict should be the result which all the jurors have unanimously come to. *Peavy* v. *Clemons*, 10 *Ga. App.* 507 (73 S. E. 756). A juror is usually so responsive to any suggestion made by the judge as to his duty in the trial of a case, or in the consideration of the evidence, that the judge should be careful not to say anything that could be construed by any member of the jury as indicating that it would be proper for him to yield his personal views of the evidence and shift his individual responsibility to the majority. The Supreme Court has on several occasions had before it cases involving the question here discussed. A consideration of some of these cases will demonstrate how zealously that court has guarded the right to a unanimous verdict, which the jury should reach uninfluenced by any expression by the trial judge, either of a coercive or a persuasive character. *Georgia R. Co.* v. *Cole*, 77 *Ga.* 77; *White* v. *Fulton*, 68 *Ga.* 511; *Alabama Great*

*Southern R. Co.* v. *Daffron,* supra. Applying the above rulings, we think that it was improper for the court to instruct the jury, under the facts of this case, that "It does look like you gentlemen could reach a verdict in the case. We have been put to a lot of expense, a lot of time to try it, the very first case out of the pack. If we would get along like this in all our cases we would be in a mess." Such an instruction tended to press the jury unduly to agree upon a verdict, and, when considered in connection with the remainder of the recharge, tended to coerce ·the jury into reaching a hasty verdict.

The defendant further contends that the court erred in charging the jury, when they had been called back by the court, "I see by the paper every now and again that some legislator is trying to reach this very situation, making it lawful for two thirds of the jury—the opinion of two thirds of them—to be the verdict of the jury and binding. Their idea is that' not to depend on having a verdict until everybody has agreed on it, we would have [save] a lot of trouble and certainly a lot of expense, but anyhow, you have nothing to do with that. We have to have it unanimous now." Under the facts of this case and under the entire recharge of the court, we think that this instruction was improper, as tending to coerce the jury into yielding their convictions upon some material feature of the case solely for the sake of making a verdict. This instruction might easily have led the minority of the jurors to yield their views and accept the views of the majority. Whatever difference of opinion may be entertained on the policy of the law of this State in requiring a unanimous verdict, it is unquestionably true that this policy is imbedded in our jurisprudence as one of its cherished principles. Nothing should be said by the judge that could in any way tend to destroy this great privilege of a jury trial, or in any degree detract from its force and effect.

It follows that, under the facts of this case, the verdict for the defendant not being demanded by the evidence, the trial court erred in recharging the jury in the two particulars above set out.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*