GADDY *v.* HARMON, next friend.

No. 13482. FEBRUARY 12, 1941.

*J. A. Merritt* and *C. Wesley Killebrew,* for plaintiff in error.
*B. B. McCowen,* contra.

REID, Chief Justice. This is an action by two minor children through their grandmother as next friend, to cancel certain deeds

made by their mother to realty which had been set apart to the plaintiffs and their mother jointly as a year's support, and to recover the realty. It was alleged that the money paid as the consideration for said deeds was not intended to be and was not in fact used for the support of plaintiffs and their mother, but was obtained for and used by their mother's second husband; and that this was known to the grantee. The case came on for trial, and was referred to a jury. Having deliberated for eighteen hours without reaching a verdict, in the meantime having called for and received additional instructions from the judge on the several forms of verdicts they could return, the jury were recalled by the judge, and the following took place: "Court: Mr. Foreman, has the jury reached a verdict? Foreman: Your Honor, the jury is unable to reach a verdict. Court: Is it a question of law or a question of fact? Foreman: A question of both, I think. Court: Gentlemen, if it is a question of law, I want to know what it is, and I might help you a little. Foreman: Your Honor, if you think it advisable, I suggest that, possibly, if you will recharge the jury on one or two points, it might help. Court: What one or two points? Foreman: If you could possibly recharge us on all points, it won't be anything amiss. It might help. Court: Well, is there any particular question of law that you have in mind, or are you just apart on the facts? Foreman: Your Honor, I don't think that this jury can reach a verdict. Court: Well, that is another thing. Gentlemen of the jury, we have taken about a day to try this case, and it has been tried at great expense to both sides of it. You are as well qualified to try this case as any other jury ever will be. It don't behoove a juror to stand out in a spirit of stubborness, simply because he has once taken a position. It is his duty to confer with his fellow jurors, in an honest effort to reach a verdict. Of course he doesn't have to give up any of his deep or abiding convictions that he might have on any given point, but you should confer with each other in an honest effort to reach a verdict. This deed, which is a warranty deed, which the plaintiff is asking to set aside, was made the third day of September, 1936. In 1937 the legislature passed an act to the effect that when a person wants to sell property which has been set aside as a year's support, they must first apply to the ordinary for permission to do that. That act was passed in 1937. This

deed, as I say, that you are now considering setting aside or leaving, was made in 1936, and therefore prior to the act of 1937. Whenever property has been set aside now as a year's support, and they want to sell it, they must now apply to the ordinary for permission to do that. So that, of course, gentlemen of the jury, this particular sale, or alleged sale of this property, happening in 1936, does not apply to this particular act of 1937; but as the law is now, whenever any person has property set aside to them for a year's support, before they can sell it for that purpose they must first apply to the ordinary to do it." Without quoting further, it is sufficient to state that the remainder of the recharge was adjusted to the merits of the case. The jury retired, and within five minutes returned a verdict in favor of the plaintiffs.

The defendant assigns error on the overruling of his motion for new trial. He contends that the first part of the quoted instruction was calculated to coerce the jurors to reach an agreement. "Juries should be left free to act without any real or seeming coercion on the part of the court." *White* v. *Fulton, 68 Ga.* 511. Accordingly, "The court should not unduly press a jury to agree upon a verdict; and in the use of any remarks designed to impress the desirability of reaching a verdict, he should be careful to refrain from any expression of a coercive nature or which possibly may mislead them into an erroneous method of reaching a verdict." *Alabama Great Southern R. Co.* v. *Daffron, 136 Ga.* 555 (71 S. E. 799, 25 Ann. Cas. 438). See generally *Allen* v. *Woodson, 50 Ga.* 53; *Ga. R. Co.* v. *Cole, 77 Ga.* 77; *Parker* v. *Ga. Pacific Ry. Co., 83 Ga.* 539 (10 S. E. 233); *Golatt* v. *State, 130 Ga.* 18 (60 S. E. 107); *Jones* v. *State, 117 Ga.* 710 (44 S. E. 877); *Patterson* v. *State, 122 Ga.* 587 (50 S. E. 489); *Chandler* v. *State, 124 Ga.* 821 (53 S. E. 91); *Southern Ry. Co.* v. *Fleming, 128 Ga.* 241 (57 S. E. 481, 10 Ann. Cas. 921); *Davis* v. *Frederick, 155 Ga.* 809 (118 S. E. 206); *Peavy* v. *Clemons, 10 Ga. App.* 507 (73 S. E. 756); *Baker* v. *Augusta Veneer Co., 46 Ga. App.* 768 (169 S. E. 254). In *Gambo* v. *Dugas, 145 Ga.* 614 (89 S. E. 679), the court remarked that "It is much better for trial judges to be conservative in such matters." Mistrials are of course undesirable, but they are no more so than a verdict which through importunities and pressure from the court has been arrived at merely for the sake of agreement. We need not pursue the matter to the point of deter-

mining whether, under the facts of this case, a new trial should be granted solely because of that portion of the charge complained of in this connection. We do consider that the language used at least "pressed the urging of the jury to agree upon a verdict, to the utmost line permissible, and to the very verge of error," as a charge of similar tenor was characterized in the *Gambo* case, supra. There is an obvious error in the charge, and considering it along with the fact that the judge had, as stated, pressed the jury to agree upon a verdict "to the verge of error," and the further fact that the case as presented is an exceedingly close one, we think that a new trial is imperatively required. We refer of course to that part of the instructions in reference to the act of 1937 (Ga. L. 1937, p. 861), as follows: "This deed, which is a warranty deed, which the plaintiff is asking to set aside, was made the third day of September, 1936. In 1937 the legislature passed an act to the effect that when a person wants to sell property which has been set aside as a year's support, they must first apply to the ordinary for permission to do that. That act was passed in 1937. Whenever property has been set aside now as a year's support, and they want to sell it, they must now apply to the ordinary for permission to do that. So that, of course, gentlemen of the jury, this particular sale, or alleged sale of this property, happening in 1936, does not apply to this particular act of 1937; but as the law is now, whenever any person has property set aside to them for a year's support, before they can sell it for that purpose they must first apply to the ordinary to do it."

The act of 1937 was wholly irrelevant to the case, as was recognized by the judge himself, since the deed in question was executed before its passage. Being so, it is clear that it was erroneous to refer to it in charging the jury. The vice in the charge as given is, not that the jury might have been misled into applying its provisions to the case at hand, but rather the inferences that the jury might have drawn from the fact that the judge saw fit to call their attention to it and the manner in which this was done. The jury's attention was directed by this instruction to the fact that shortly, a mere matter of months, after the execution of the deed in question, the legislature had seen fit to prohibit a sale of such character unless the permission of the ordinary was obtained; and it will be observed that the judge repeated to the jury three times,

in substance, that by virtue of that act it was now the law that before such property could be sold it was necessary to get the permission of the ordinary. We think that the charge tended to put the plaintiffs' case in too favorable a light, by impressing the jury with the idea that the right to sell property set apart as a year's support without regulation or supervision, as it existed under the law at the time the deed was executed, constituted an evil; and it is not unlikely that the jury may have taken the charge as indicating that the judge favored the plaintiffs' cause. The jury was certainly greatly influenced by the recharge, whether it was by that part which dealt with the merits or the parts under discussion. They had had the case under consideration for eighteen hours, and the foreman reported that in his opinion the jury would be unable to reach an agreement. The most reasonable inference is that the members of the jury were in serious and apparent hopeless disagreement; yet within five minutes after the recharge they returned a verdict. We can not actually know what impression this charge made on the jury and what really was its total effect, but the case is decidedly a close one, and we think that for the reasons expressed a new trial should be had.

In our consideration of this case one point has occurred to us that has not been raised or argued at the bar. This is whether, the widow being in life (she being made a party defendant), the minor children can through a next friend maintain the action in the absence of allegations that she refuses to sue or is in collusion with the defendant. See *Boozer* v. *Nash,* 120 *Ga.* 406 (47 S. E. 908); *Morris* v. *Hasty,* 169 *Ga.* 781 (151 S. E. 490); *Ferris* v. *Van Ingen,* 110 *Ga.* 102 (35 S. E. 347). Since the judgment is reversed for reasons stated, we leave the question open. It may be that this and like questions have been settled by rulings on demurrers, unexcepted to, it appearing in this connection from recitals made in the defendant's answer that demurrers were filed. If not, it can be considered when the case comes up again for trial in the lower court.    *Judgment reversed. All the Justices concur.*