30287.   FOSTER *v.* THE STATE.

DECIDED NOVEMBER 6, 1943.

*Willis Smith,* for plaintiff in error.
*Earl Staples, solicitor,* contra.

GARDNER, J.   The defendant was convicted on an indictment charging that he "unlawfully did sell and offer for sale alcoholic liquor and whisky, without having procured a license so to do from the State Revenue Commissioner."   The State introduced but one witness, who testified positively that he purchased a pint of rye whisky from the defendant, and paid him $2.25 therefor.   On cross-examination this witness (an officer) testified that he was sworn in on the morning of the sale, and bought the whisky sometime during the middle of the same day; that he had previously known the defendant, and that they were good friends; that he did not inform the defendant that he was an officer; that he put on a uniform several days after he bought the whisky.   He further testified that he did not see any license.   The defendant put up no witness, relying on his statement to the jury, which was substantially that he and the officer had been friends; that if he had had any whisky he would have let the officer have it because of this friendship; but that he sold no whisky, as the officer testified.

His motion for a new trial, containing the general and two special grounds, was overruled, and he excepted.

The effect of the argument of able counsel for the plaintiff in error is construed as an express abandonment of the general grounds of the motion for new trial.   The first special ground is to the effect that after the jury had been considering the case for "some 40 minutes," the court instructed the bailiff to inquire "if the jury had reached a verdict or were likely to reach a verdict."   After inquiry, the bailiff reported that the jury had not reached a verdict. After waiting approximately 40 minutes, the court again directed the bailiff to make the same inquiry of the jury.   On the last occasion the bailiff reported that the jury said "they would be ready in a few minutes," and in a short while they returned with the verdict of guilty.   The defendant assigned error on the ground that it

was "harmful, unfair, and prejudicial, to send a bailiff to inquire of the jury if they had reached a verdict in some 40 minutes after they had retired to consider a verdict and send him back in 40 minutes again to inquire; and insists that it coerced the jury and influenced the jury against movant, was prejudicial to his rights, had a tendency to influence the jury and cause them to believe and think that the court thought the defendant was guilty, and wanted the jury to convict and deprive the movant of a fair and impartial trial; and was prejudicial to him and error as he contends."

The second special ground complains that the sentence of twelve months at the state farm, to be suspended upon the payment of a fine of $750, was unreasonable and unfair. It is contended that the $750 fine was excessive, out of proportion and not commensurate with the alleged offense, even though the defendant was guilty. As to this ground of the motion, it was stated in the argument of counsel for the plaintiff in error: "Whether that could be a ground for a reversal or not, it should be considered in view of the fact that we think the jury was influenced by the trial judge in thinking the defendant guilty." It will therefore be observed that the assignments of error are reduced by the argument of counsel to one question only, and that is whether the court committed reversible error in having the foregoing inquiries made of the jury. Plaintiff in error cites *Gilbert* v. *State,* 40 *Ga. App.* 645 (150 S. E. 849), and *Gambo* v. *Dugas,* 145 *Ga.* 614 (89 S. E. 679), to sustain his contention. We have studied those cases carefully, and can not agree with counsel that they control the question presented in his favor. In the *Gilbert* case the court recalled the jury and recharged them to the effect that some jury had to pass on the case, and he knew of no jury better qualified than the one impaneled to pass upon it; and, in passing upon the assignment of error thereon, the court said: "The trial judge is vested with large discretion in the conduct of judicial proceedings, and he may properly admonish the jury as to the desirability and importance of agreeing on a verdict, and may urge them to make every effort to do so consistent with their consciences. *Golatt* v. *State,* 130 *Ga.* 18 (3), 19 (60 S. E. 107); *Gambo* v. *Dugas,* 145 *Ga.* 614 (3) (89 S. E. 679)." In the *Gambo* case it appears that after the jury had deliberated for two hours, the court inquired of them if they had agreed upon a verdict. This was held not to be error, on the ground that the

amount involved, together with only one or two issues, and the evidence not being conflicting, would not require prolonged deliberation by the jury before the court might inquire of their progress. In the instant case there was only one witness. His testimony was contradicted by the defendant's statement only. There was but one issue, and the brief of evidence, including the defendant's statement, consists of little more than two pages. Differentiating the cases further; in the instant case the court had inquiry made only as to whether a verdict had been reached; in the cases cited the Justices elaborated on charges to the extent of asking the jury to endeavor to reach a verdict. Moreover, we can not reason along the theory of the plaintiff in error that the inquiry in the instant case was more prejudicial to his cause than to that of the State. The court did not err in overruling the motion for new trial for any reason assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*