## 54805. FULFORD v. THE STATE.

SMITH, Judge.

Fulford appeals from his conviction of voluntary manslaughter. He enumerates as error the trial court's overruling of his motion for new trial on the general grounds, the admission of certain evidence, and the charge to the jury. Finding no error, we affirm.

The homicide took place between the hours of 10:30 p.m. and 11:30 p.m. on July 24, 1976, at the Eight Ball Club in Vidalia. The evidence established that Fulford had been in the club several times during the day, that he had been drinking, that, just previous to the homicide, he had been speaking in a loud voice and had almost become involved in a fight with an individual other than the deceased. The evidence also showed that, after that altercation, Fulford then exchanged antagonistic words with the deceased and the deceased's brother, whereupon the deceased, unarmed, came to within a couple of feet of Fulford, clapped his hands and said "Fulford, I can knock your head off just like that." Fulford then grabbed the deceased and stabbed him in the neck with a pocketknife. The deceased's brother tried to come to the deceased's aid, but Fulford intervened and cut him on the neck.

1. The evidence supports the jury's verdict and does not demand a finding that Fulford's actions were justified as self-defensive measures. "After a verdict of guilty, in passing on a motion for new trial, that view of the evidence most favorable to the State must be taken, for every presumption and every inference is in favor of the verdict." *Brown v. State,* 125 Ga. App. 300, 302 (187 SE2d 301) (1972).

2. The court properly admitted the evidence that, almost immediately after stabbing the deceased, Fulford then cut the deceased's brother. The evidence of this separate crime was relevant to establish Fulford's state of mind. Since Fulford's defense was based primarily on his state of mind, the relevance of this evidence out-weighed any prejudicial impact. *Hanson v. State,* 143 Ga. App. 200 (237 SE2d 699) (1977).

3. The evidence discussed in Division 2 having been properly admitted, the court did not err in charging the

jury that they could consider it.

4. The court did not err in charging that each juror should consider the views of the other jurors in making a determination. The court further charged that a juror "should never surrender honest convictions or opinions in order to be congenial or to reach a verdict solely because of the opinions of other jurors." The charge as a whole was proper and did not counsel the jury to consider factors outside the evidence, nor did it coerce the jury to reach a verdict contrary to their convictions. See *Brown v. State,* 36 Ga. App. 83 (2) (135 SE 513) (1927); *Baker v. Augusta Veneer Co.,* 46 Ga. App. 768 (169 SE 254) (1933).

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED OCTOBER 31, 1977 — DECIDED JANUARY 18, 1978.

*McNatt, Merrill & Durden, Hugh B. McNatt,* for appellant.

*H. Reginald Thompson, District Attorney, Charles W. Cook, Assistant District Attorney,* for appellee.