## WHITE vs. FULTON.

1. Where a suit was brought against a husband and wife for money borrowed, and, upon plea by the latter that the debt was her husband's, it was sought to bind her by showing that some of the money was used on a trust estate held by her husband for her, it was competent to prove in rebuttal of this the character of the trust estate, as tending to show there was no necessity to borrow money therefor.

2. In a civil case, where the jury cannot reconcile conflicting testimony, they may find a verdict according to the preponderance thereof; such preponderance is considered sufficient to produce mental conviction.

3. Juries should be left free to act without any real or seeming coercion on the part of the court. Still, where the court, after inquiry as to the probable agreement of the jury, gave them the rule as to the preponderance of testimony recited above, stated to them that there had been no mistrials since his administration began, and that if juries would follow his rule there would be no necessity for mistrials, and thereupon remanded them for further consideration, but did not intimate any opinion or otherwise coerce them, this will not necessitate a new trial.

Evidence. Husband and Wife. Trusts. Jury. Charge of Court. Practice in Superior Court. Before Judge SNEAD. McDuffie Superior Court. September Term, 1881.

Reported in the decision.

A. J. COBB; THOS. E. WATSON, for plaintiff in error.

W. M. & M. P. REESE; WM. GIBSON; W. D. TUTT, for defendant.

SPEER, Justice.

Plaintiff in error brought his action upon several promissory notes signed by M. C. Fulton and V. F. Fulton A recovery having been had on a former trial against M. C. Fulton, the issue submitted on this trial was as to the liability of V. F. Fulton.

White vs. Fulton.

To this action Mrs. V. F. Fulton pleaded the general issue, and also that the contracts sued upon were signed by her as the security of her husband, M. C. Fulton, and in an assumption of his debt, she being in no wise interested in the consideration thereof.

Under the evidence and charge of the court, the jury returned a verdict for the defendant, whereupon plaintiff made a motion for a new trial, which was refused by the court, and plaintiff excepted.

1. One of the grounds of the motion was error in the court in allowing the introduction, as evidence, of a trust deed, made in favor of defendant, in which there was set forth the character and description of her separate estate, over the objection of counsel for plaintiff. Under the issue and evidence, we do not think this was error. It was shown by the evidence offered by plaintiff, in reply to the plea of defendant, that both the makers of the notes sued on admitted that $2,500.00 of the money borrowed were used and expended on the trust estate of the defendant, and the trust deed was offered to show that a portion of the trust property consisted of certain stocks, etc , that were available as money, and that there was, therefore, no necessity to borrow money for the use of the estate. There being a conflict in the testimony as to how the money borrowed was used, we think the character of the trust property, as shown by the deed, was competent to rebut this evidence of the plaintiff. How far it rebutted was a question for the jury.

2. Neither do we find any error in the court's inquiring, through the officer in charge of the jury, " whether they had agreed or were likely to agree upon a verdict," and on an answer in the negative being returned, for the court, on its own motion, to recall the jury to their box and give them in charge a rule of law as to their right, " when there is a conflict in the evidence of witnesses and they could not reconcile the same, that they might find a verdict according to the preponderance of the testimony.".

The charge of the court being substantially as follows:
" If you disagree about a matter of law, I could aid you,
but as it is a matter of evidence, I cannot aid you as you
are the judges of the evidence, except by some rules of
law for your guidance. I can, however, give you this
rule: In a civil case, where the jury cannot reconcile the
testimony of witnesses conflicting, they can find a verdict
according to the preponderance of testimony. If you
will follow this rule, I think you will have no difficulty in
arriving at a verdict. If juries would follow this rule, there
would never be any necessity for a mistrial in a civil case.
I have been judge of this circuit for three years, and if
you make a mistrial it will be the first one made in the
circuit since I have been judge. Go to your room, and
make an honest effort to agree on a verdict, and follow
the rule I have given, and I don't think it will trouble you
in agreeing."

We see no invasion of the province of the jury as com-
plained of in the charge of the judge, as above given.

The Code, section 3749, declares, in all civil cases, " the
preponderance of testimony is considered sufficient to
produce mental conviction," and this was the rule the
court charged. The judge gave no intimation as to which
side the preponderance tended. As to the remarks of the
court on the subject of mistrial, etc., while we cannot en-
dorse fully all he said on this subject, yet we do not con-
sider it sufficient to reverse this judgment. Under our
view the court, should abstain from making any remarks
to a jury that would bear even the semblance of coercion
to secure a result. Juries should be left free to act with-
out any real or seeming coercion on the part of the court,
and the verdict should, as to the facts, be the result of
their own free and voluntary action.

It has often been announced by this court "that where
the evidence is conflicting, and no rule of law has been
violated, and there is sufficient evidence to sustain the
verdict, this court will not interfere."

As we find no error of law in this record, on the part of the court, and the evidence is sufficient to sustain the verdict, the judgment below is affirmed.

Judgment affirmed.