## RYALS v\ THE STATE.

Fish, C. J. 1. After correctly instructing the jury as to the law in reference to the prisoner's statement, it was not error, according to the previous rulings of this court, for the court to add in connection therewith: "It is not delivered under oath, and he incurs no penalty in not telling the truth." *Teasley* v. *State,* 105 *Ga.* 842, and cit.

2. Upon the trial of one charged with rape, the accused could not justly complain of the following charge, on the ground that it was argumentative and in effect informed the jury that the testimony of the woman alleged to have been assaulted was corroborated by the circumstances of the case. "Gentlemen, in cases of this character the party or woman alleged to have been injured is a competent witness, but the degree of credit given her testimony, her evidence, depends more or less upon the concurrence of the circumstances of the fact with her testimony. You may look to the evidence to see whether she concealed the injury for any considerable length of time after she had an opportunity to complain; did she or not make pursuit of the offender; was the place of the act said to have been done remote from neighbors or passengers, or was it near a neighbor, or common recourse of passengers; did she make any outcry or did she not, or did she make no outcry where the act was done when and where it is possible she might have been heard by others? These and all other circumstances in the case may be taken into consideration by the jury in determining what weight they will give her testimony." Nor was it error to further instruct the jury: "Whether she has or has not been corroborated, either by circumstances or other testimony, . . . is a question for the jury."

3. The charge on the subject of alibi was in accord with the Penal Code, § 992, and embraced an instruction to the effect that the burden was on the accused to prove the alleged alibi to the reasonable satisfaction of the jury; and could not be construed to mean that the accused had to prove the alibi beyond a reasonable doubt.

4. The woman alleged to have been raped testified positively that the accused had carnal knowledge of her forcibly and against her will; there was evidence strongly tending to corroborate her testimony; there was, therefore, ample evidence, if credible, to warrant the verdict. The credibility of the witnesses was for the jury. The trial judge, by overruling the motion for a new trial, approved the verdict, and this court will not disturb the ruling. *Judgment affirmed. All the Justices concur.*

Argued March 20,—Decided May 11, 1906.

Indictment for rape. Before Judge Reagan. Telfair superior court. February 7, 1906.

*John R. Cooper, W. A. Wooten,* and *B. M. Frizzelle,* for plaintiff in error.

*E. D. Graham, solicitor-general,* and *Eschol Graham,* contra.