## JEFFERS v. THE STATE.

FISH, C. J.  1. On the trial of one charged with rape the court instructed the jury: "In determining the issues of this case you will consider all the facts and circumstances of the case; the time and place where the offense is charged to have been perpetrated; the time that the complaint was made and the manner in which it was made;  .  .  also the failure of the party claiming to have been injured to make complaint; the reason for not complaining or the reason for making complaint; the circumstances under which the complaint was made.  Weigh and consider all the circumstances in determining and reaching a finding in this case.  If the injured party failed to make complaint at the first opportunity, you will consider whether there was or was not sufficient or reasonable cause or excuse for not complaining at first, or as soon as she was likely to have made complaint.  If there was no reasonable excuse for making complaint, that would be a circumstance you would consider in reaching the truth of this transaction, that is, as to whether it was reasonable or unreasonable and whether it should have been made earlier under the circumstances of the case.  But, should you find that the injured party was a child of tender years, that also would be a circumstance that you would consider with the other testimony in the case in reaching your conclusion in the matter."  *Held*, that the judge in so instructing the jury expressed or intimated his opinion as to what had been proved, viz., that the female alleged to have been raped made complaint that the accused had committed the offense upon her. Accordingly, under the mandatory provisions of the Civil Code (1910), § 4863, the judgment must be reversed, and a new trial granted.

2. The facts set out in the motion for a new trial do not require a discussion of the question whether there was evidence corroborating that of the female alleged to have been raped, or whether an omission to give a charge on the subject of corroboration was error.  The judgment being reversed on another ground, no opinion is expressed on the sufficiency of the evidence.

*Judgment reversed.  All the Justices concur.*
AUGUST 14, 1915.

Indictment for rape.  Before Judge Bartlett.  Douglas superior court.  May 28, 1915.

*J. H. McLarty* and *J. S. James,* for plaintiff in error.

*Clifford Walker, attorney-general, J. R. Hutcheson, solicitor-general,* and *Mark Bolding,* contra.

---

### NOTE.

Chief Justice Fish was prevented by sickness from taking part in the judgments of the cases where his absence has been noted in this volume.