## ALLEN v. THE STATE.

1. Where, on the trial of one charged with rape, a verdict rendered on a former trial, attached to the indictment, was taken to the jury-room, this is not cause for a new trial, especially when there was no request to detach, erase, or in some way conceal the former verdict. *Russell* v. *Brunswick Grocery Co.*, 120 *Ga*. 38 (3) (47 S. E. 528). See also *Georgia Pacific Ry. Co.* v. *Dooley*, 86 *Ga*. 294 (3) (12 S. E. 923, 12 L. R. A. 342); *Fulton County* v. *Phillips*, 91 *Ga*. 65 (16 S. E. 260); *Dawson* v. *Briscoe*, 97 *Ga*. 408 (24 S. E. 157).

2. Statements by members of the jury which rendered a verdict finding the accused guilty under an indictment charging him with rape, to the effect that the bailiff in charge of the jury stated to them, " You are not coming out of there until you make a verdict," is in the nature of evidence tending to impeach their verdict, and jurors will not be heard thus to impeach their verdict.

3. On the trial of one charged with the offense of rape, where the uncontradicted evidence of two physicians, who examined the private parts of the female assaulted shortly after the assault, showed that they were lacerated and torn and bleeding, it was not error to charge the jury " You may see whether there was an outcry upon her part at the time of the alleged crime, if there was any crime committed; see whether she made a report of the crime, made an outcry, or told it shortly thereafter; and see whether or not she is corroborated by the fact that her private parts were torn and lacreated, and whether she was or was not bleeding," etc. This charge did not express or intimate an opinion under the evidence. The expression, " and see whether or not she is corroborated by the fact that her private parts were torn," etc., submitted to the jury whether there was evidence of a fact to corroborate.

No. 3362.     MARCH 13, 1923.

Indictment for rape. Before Judge Wright. Haralson superior court. June 24, 1922.

*Willis Smith, Taylor Smith,* and *Smith & Millican,* for plaintiff in error.

*George M. Napier, attorney-general, J. R. Hutcheson, solicitor-general,* and *Seward M. Smith, asst. atty.-gen.,* contra.

HILL, J. Eulice Allen was indicted for the offense of rape upon Belle Gray; and the jury trying him returned a verdict of guilty, with a recommendation to the mercy of the court, and with a minimum sentence of one year, and a maximum sentence of three years in the penitentiary, and the defendant was sentenced accordingly. He made a motion for a new trial, on various grounds, which was overruled, and he excepted.

Exception is taken to the following charge of the court: " I charge you further, gentlemen, in this case you could not convict upon the uncorroborated testimony of the young lady alleged to have been ravished. There must be some circumstances or evidence in the case to corroborate her testimony, but what amount of corroboration is necessary in order for the jury to convict is a matter entirely in your care, and you will look and see whether there are any circumstances in this case which corroborate her, and whether this corroboration is sufficient to authorize you to convict of the offense as charged. You may see whether there was an outcry upon her part at the time of the alleged crime, if there was any crime; see whether she made a report of the crime, made an outcry, or told it shortly thereafter; and see whether or not she is corroborated by the fact that her private parts were torn and lacerated, and whether she was or was not bleeding. Any evidence of such things the court has permitted to come before you to aid you, if it does aid you, in determining whether or not the testimony of this young lady is corroborated by any facts or circumstances in the case. If you find that it has, and sufficiently, and you are convinced beyond the doubt that I have explained to you of the defendant's guilt, you should convict him; otherwise you ought to acquit." Movant insists that the foregoing charge amounted to an expression or intimation of an opinion by the court of what had been proved, in that the prosecutrix had made an outcry and that her private parts were torn and lacerated; and cites the case of *Jeffers* v. *State,* 143 *Ga.* 849 (85 S. E. 1005),

where it was stated and held by this court as follows: "On the trial of one charged with rape the court instructed the jury: 'In determining the issues of this case you will consider all the facts and circumstances of the case; the time and place where the offense is charged to have been perpetrated; the time the complaint was made and the manner in which it was made; . . also the failure of the party claiming to have been injured to make complaint; the reason for not complaining or the reason for making complaint; the circumstances under which the complaint was made. Weigh and consider all the circumstances in determining and reaching a finding in this case. If the injured party failed to make complaint at the first opportunity, you will consider whether there was or was not sufficient or reasonable cause or excuse for not complaining at first, or as soon as she was likely to have made complaint. If there was no reasonable excuse for making complaint, that would be a circumstance you would consider in reaching the truth of this transaction, that is, as to whether it was reasonable or unreasonable, and whether it should have been made earlier under the circumstances of the case. But, should you find that the injured party was a child of tender years, that also would be a circumstance that you would consider with the other testimony in the case in reaching your conclusion in the matter.' *Held,* that the judge in so instructing the jury expressed or intimated his opinion as to what had been proved, viz., that the female alleged to have been raped made complaint that the accused had committed the offense upon her. Accordingly, under the mandatory provisions of the Civil Code (1910), § 4863, the judgment must be reversed and a new trial granted."

The ruling in the *Jeffers* case is relied upon as being controlling in the present case, and it is insisted that under that ruling a new trial should be granted. We do not agree to this conclusion, for at least two reasons. In the first place there is an older decision than the *Jeffers* case, which, if there is any conflict between the two cases, holds to the contrary, and, being a full-bench decision, the older one must prevail. In *Ryals* v. *State,* 125 *Ga.* 266 (2) (54 S. E. 168), this court, in passing upon an exception to the charge of the court in that case, which was based upon the ground that the charge was argumentative and in effect informed the jury that the testimony of the woman alleged to have been assaulted

was corroborated by the circumstances of the case, held that the charge was not error. The charge was as follows: " Gentlemen, in cases of this character, the party or woman alleged to have been injured is a competent witness, but the degree of credit given her testimony, her evidence, depends more or less upon the concurrence of the circumstances of the fact with her testimony. You may look to the evidence to see whether she concealed the injury for any considerable length of time after she had an opportunity to complain; did she or not make pursuit of the offender; was the place of the act said to have been done remote from neighbors or passengers, or was it near a neighbor, or common recourse of passengers; did she make any outcry, or did she not, *or did she make no outcry where the act was done* [italics ours] when and where it is possible she might have been heard by others? These and all other circumstances in the case may be taken into consideration by the jury in determining what weight they will give her testimony." It was also held that it was not error in that case for the judge to further instruct the jury: " Whether she has or has not been corroborated either by circumstances or other testimony . . is a question for the jury." As stated above, if there is any conflict between the two cases mentioned above, the latter must yield to the former.

In the next place we do not think the portion of the charge complained of is cause for reversal, for another reason. The judge charged the jury: " See whether or not she is corroborated *by the fact* [italics ours] that she was or was not bleeding." On this point two physicians testified that they made an examination of the young woman assaulted, a day or two after the alleged assault, and that her private parts were torn and lacerated and bleeding. This evidence is uncontradicted; and in addition to this the defendant in his statement admitted sexual intercourse, but said that it was done with the consent of the young woman alleged to have been assaulted. The expression in the judge's charge can not be construed as an expression or intimation of his opinion as to what had been proved.

The other headnotes require no elaboration. The evidence authorized the verdict, and the judge did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*