## WALKER v. THE STATE.

HEAD, Justice. 1. The State relied upon circumstantial evidence to establish the guilt of the defendant. The jury was authorized to find that the defendant inflicted the fatal wounds upon the deceased, and that the proved facts were sufficient to "exclude every other reasonable hypothesis save that of the guilt of the accused." Code, § 38-109.
2. The evidence on the issue of insanity was in sharp conflict. The credi-

bility of the witnesses being for the jury, a finding was authorized that the defendant was not insane at the time of the commission of the homicide.

3. It was not error to charge the jury, on the issue of insanity, that "the burden is on the defendant to show to the reasonable satisfaction of the jury that at the time of the alleged commission of the act charged against him he was insane." *Carroll* v. *State*, 204 *Ga.* 510 (2) (50 S. E. 2d, 330); *McLendon* v. *State*, 205 *Ga.* 55 (3) (52 S. E. 2d, 294). The request to review and reverse the ruling stated in *Carroll* v. *State*, supra, is denied.

4. Under the ruling in division 3 above, the court properly and sufficiently instructed the jury as to the proof required on the issue of insanity. The contention of the defendant, that the court erred "in failing to charge the jury that, where the issue of insanity is involved, the burden is on the defendant to prove by a preponderance of the evidence that he was insane at the time of the alleged commission of the act charged against him," and "in failing to define a preponderance of the evidence," is not meritorious.

*Judgment affirmed. All the Justices concur.*

No. 17447. Argued April 10, 1951—Decided May 14, 1951—Rehearing denied June 13, 1951.

*Marvin D. Pierce Jr., Robert L. Russell Jr., J. Julian Bennett,* and *W. L. Erwin,* for plaintiff in error.

*Eugene Cook, Attorney-General, Hope D. Stark, Solicitor-General,* and *Frank B. Stow, Assistant Attorney-General,* contra.