## 18941. DOMINGO *v.* THE STATE.

Argued May 9, 1955—Decided June 15, 1955.

694

[black redacted area]

*J. Walter Owens, Owen G. Roberts, Jr.*, for plaintiff in error.

*Russell C. Davison, Jr.*, Solicitor-General, *Joseph S. Ray*, Special Solicitor-General, *Eugene Cook*, Attorney-General, *Rubye G. Jackson*, contra.

ALMAND, Justice. ■ The first ground of the amended motion complains that the court erred in refusing to grant the defendant's motion for a continuance. It is alleged in this ground that defendant's counsel had been appointed about two and one-half

weeks before the trial, and that they had been unable "to prepare an adequate defense for the movant due to the insufficient amount of time." The record does not disclose any facts or reasons why counsel had been unable to prepare an adequate defense, nor show what witnesses or evidence they would have been enabled to present on the trial in support of their defense, if they had been allowed a continuance. The granting or refusing of motions for continuance is a matter within the discretion of the trial court. The record discloses that the defendant was represented by competent and able counsel, and it cannot be said that the court erred in denying their motion for a continuance.

■ Ground 4 complains that the court erred in giving the following charge to the jury: *"One man, two men, three men, even half or more than half the jury can not have their whole way about any proposition."* (Emphasis supplied.) It is contended that the quoted charge was erroneous and unsound as an abstract principle of law. After the jury had been out for some time they returned to the courtroom, the foreman informed the court that " . . . after much deliberation and discussion of the case, the jury is definitely deadlocked, and there is apparently no way out of it that we can see except to call it a mistrial." To this the court replied: "Sorry, gentlemen, I couldn't do that at this stage of the game. The law contemplates that a jury will reach a verdict in cases that are tried and requires that the judge hold that jury together for a reasonable time and give them every opportunity to agree. *One man, two men, three men, even half or more than half the jury can't have their whole way about any proposition.* They are supposed to confer together, reason together, and discuss the matter, and as I explained to you in the charge that if there are conflicts reconcile those conflicts, if you can, and make all speak the truth, but if you can't, believe that witness or those witnesses you believe to have spoken truly in the cause. Now then, it is the duty of a jury, to take all the time that is necessary to discuss the case and to reason it out, and to argue it out among yourselves and to make a verdict, and I am not in the habit of declaring mistrials readily. I want to be kind and humane and regardful of the feelings and the convenience of the jury but some jury will have to hear this case and make a verdict in it, if it is possible to reach one,

and I will ask you to let the sheriff get you some supper, and after you do that you come back and resume your deliberations, but as I tell you, I do not declare a mistrial readily—I give a jury every opportunity to reason the thing out, and I have often had them come in and tell me they were deadlocked and in a question of sometimes a few minutes, sometimes in a few hours they came in with a verdict, so I will have to ask you, gentlemen, to stay together and to give it further and fuller consideration." (Emphasis supplied.)

The majority of the court is of the opinion that the portion of the charge complained of was error and demands the grant of a new trial. The view of the majority on this question is as follows: The trial judge should not in any case unduly urge the jury to find a verdict, nor employ such expressions as injuriously affect the defense of the accused in a criminal case, especially if the case is a capital one, where the rule of reasonable doubt and the right of the jury to recommend mercy are involved. *Golatt* v. *State,* 130 *Ga.* 18 (3) (60 S. E. 107). They should be left free to act, free from any seeming or real coercion on the part of the court. *White* v. *Fulton,* 68 *Ga.* 511 (3). Before the jury were authorized to convict the defendant in this case, each juror, and not a mere majority of them, had to believe and be convinced in his own mind that the defendant was guilty beyond a reasonable doubt, and the verdict that a jury renders, whether it be guilty or not guilty, must represent the unanimous conviction of all the members of the jury. The effect of the court in its recharge telling the jury that "one man, two men, three men, or even half or more than half, can not have their whole way about any proposition" unduly intimated that one or more members of the jury should surrender his or their conviction rather than to cause a mistrial, when as a matter of fact, under the law each juror has the right to form his own conviction and not be required to surrender it because of being in the minority and to agree with the majority rather than cause a mistrial. The injurious effect of this quoted charge was to unduly urge the jury to find a verdict, and operated to the injury of the defendant.

The case of *Hyde* v. *State,* 196 *Ga.* 475 (9) (26 S. E. 2d 744), relied on by the State, where the court charged the jury that "a verdict is the combined judgment of twelve; it is not a verdict

of ten, or two men or four men", which was held by this court not to be error when taken in connection with the entire charge on this subject, is distinguished from the present charge, in that the court distinctly told the jury that "the two should look at it and view it in the light and viewpoint of the ten, and the ten should look at the case and view it in the light and viewpoint of the two, and try to get together and reach a verdict. The ten should have a reason and be able to give a reason for their view. Likewise the two should be able, following the law and the evidence, giving due weight to the defendant's statement, to give a valid, legal reason for their view. In that way, that is the way verdicts are reached." In that case, this court said that the trial judge was careful not to intimate or express any opinion as to the propriety of any particular verdict, nor did he make any suggestion tending to coerce any particular group of jurors to agree with the others, whereas in the instant case the court, after charging that two or three men or even half or more of the jury cannot have their whole way about any proposition, did not clarify this statement as was done in the *Hyde* case. This charge, standing out in bold relief, had the effect of coercing the jury.

■ Special ground 2 complains that the court erred in admitting in evidence certain photographs tending to show the wounds of the deceased. Special ground 3 assigns error on the court's refusal to declare a mistrial on the motion of the defendant's counsel, for alleged improper remarks made by the solicitor-general in his argument to the jury. Though neither of these grounds was argued, orally or by brief, we have considered them, and conclude that they are without merit. See *Johnson* v. *State*, 158 *Ga.* 192 (2) (123 S. E. 120); *Hill* v. *State*, 201 *Ga.* 300 (6) (39 S. E. 2d 675); *Lucas* v. *State*, 146 *Ga.* 315 (7) (91 S. E. 72); *McLendon* v. *State*, 205 *Ga.* 55 (5) (52 S. E. 2d 294).

■ The evidence introduced amply supported the verdict of guilty.

■ In view of the ruling in the second headnote, it was error to overrule the motion for a new trial.

*Judgment reversed. All the Justices concur, except Candler and Almand, JJ., who dissent from the ruling in the second headnote and from the judgment of reversal.*

ALMAND, Justice, dissenting. I dissent from the ruling in headnote 2 and the corresponding division of the opinion, and from the judgment of reversal. In *Gambo* v. *Dugas & Son*, 145 *Ga.* 614 (89 S. E. 679), after the jury had the case under consideration, the court in its recharge to the jury stated: "It is your duty to agree on a verdict in this case. The case has been fully and completely tried. You are just as competent as any jury would be of disposing of it. I say to you, gentlemen, it is no credit to a juror to stand out, in a pure spirit of stubbornness, because he has taken a position. It is the duty of every juror to consult with every other juror and reach a mutual understanding in the case." It was held that this charge pressed the jury to the utmost line permissible, and to the very verge of error, and that though it was better for the trial judge to be more conservative in such matters, under the facts of the case and under former rulings of this court, the recharge did not necessitate a reversal. In *Golatt* v. *State*, 130 *Ga.* 18 (60 S. E. 107), which was a capital case, an instruction to the jury that no juror should "stick out" in a spirit of stubbornness, that it was no credit to a juror to do that, was held not to be ground for a new trial. In *Hyde* v. *State*, 196 *Ga.* 475, where the defendant had been convicted without a recommendation to mercy, where the jury after deliberating on the case reported that they stood numerically 10 to 2, the court charged the jury that "a verdict is the combined judgment of twelve; it is not a verdict of ten, or two men or four men." In the instant case the evidence overwhelmingly supports the verdict of guilty, and in view of previous rulings of the court, I am of the opinion that this recharge did not constitute reversible error.

I am authorized to state that Justice Candler concurs in this dissent.