## 24430. COLLIER v. THE STATE.

NICHOLS, Justice. Walter C. Collier was indicted, tried and convicted for the murder of A. C. Alexander. His motion for new trial based upon the usual general grounds was overruled and the present appeal filed. The State introduced an eyewitness to the homicide who testified that the deceased had been on the porch of a house and upon seeing the witness approach left the porch, met the witness upon the adjoining sidewalk some eight or more feet from the house where they hugged each other and talked, that within a matter of minutes the defendant opened the screen door of the house and shot the victim. The defendant in an unsworn statement stated that Clarence Wilson and two other men had robbed him approximately three weeks prior to the homicide and that when the deceased knocked on the door and asked "You got any money?" he thought it was the same ones who had robbed him previously. He pulled out his gun and shot. He meant to scare them. Clarence Wilson, called as a witness for the defendant, testified that he did not know the deceased or the eyewitness who was talking to the deceased and had no trouble with the defendant for about a year and was not in the vicinity when the shooting occurred. *Held:*

1. Enumerations of error alleging that the trial court erred in requiring the defendant and his counsel to sign a written waiver of the make-up and method of selection of the grand and traverse juries and permitted the case to go to trial without giving sufficient time to counsel for the defendant to prepare for trial present nothing for review where neither question was ruled upon by the trial court. "A party can

not during the trial ignore what he thinks to be an injustice, taking his chance on a favorable verdict, and complain later." *Joyner v. State*, 208 Ga. 435 (2) (67 SE2d 221), and citations. See also *Denson v. State*, 150 Ga. 618 (3) (104 SE 780). In the present case, while the record shows that a waiver was signed and that the trial took place ten days after the homicide and five days after the return of the indictment, the record shows no instruction by the court as to the waiver or any requests for a continuance or postponement of the trial.

2. The sole remaining enumeration of error complains of the sufficiency of the evidence to support the verdict, and in view of the evidence set forth above this enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 11, 1967—DECIDED JANUARY 4, 1968.

*William C. Peters, Jack Short*, for appellant.

*Marcus B. Calhoun, Solicitor General, Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, Joel C. Williams*, for appellee.

