#### 25756.   RIGGINS v. THE STATE.

Per curiam.  Charles Lee Riggins appeals his sentence of life imprisonment for rape. *Held:*

1. Enumeration of error number 2 complains that the "court erred in denying the appellant's motion for mistrial on the ground of a prejudicial statement by the court during selection of the jury, and in the presence of prospective jurors, that the burden was upon appellant to establish his plea of insanity at the time of commission of the act, beyond a reasonable doubt; and thereafter to correct the statement to one which must be to a reasonable certainty."

The record shows that when the statement "beyond a reasonable doubt" was made, an objection was made thereto, and a colloquy between the court and counsel took place. During this colloquy, the trial judge stated to appellant's counsel that the defense must be established to the "reasonable satisfaction of the jury, and by a preponderance of the evidence . . . to the reasonable satisfaction of the jury, but the overall consideration of the case by the jury, considering all the facts and circumstances must be in a criminal case beyond a reasonable doubt." The court then instructed the jury that appellant's insanity must be established "to the reasonable satisfaction of the jurors. . . It's to a reasonable certainty."

The appellant argues that this colloquy and instruction by the court thereon confused the jurors who would be selected to try the appellant. He further argues that this colloquy and instruction confused the jury when they were later instructed on the State's burden of proving the guilt of the appellant beyond a reasonable doubt and the lesser burden upon the appellant to establish his plea of insanity by a preponderance of the evidence.

The appellant also complains in enumerations of error Numbers 7 and 8 that when the judge instructed the jury on the meaning of the word "preponderance" and "reasonable doubt," the jury became confused because of the colloquy and instruction set out in enumeration of error Number 2.

"In every criminal case the presumption is that the defendant was sane at the time of the commission of the crime, and the burden of proof rests upon him to show to the contrary. He must show that, not beyond a reasonable doubt, but to the reasonable satisfaction of the jury. . . *Beck v. State,* 76 Ga. 452." *Barker v. State,* 188 Ga. 332, 335 (4 SE2d 31); *Lively v. State,* 178 Ga. 693, 699 (173 SE 836); *Carroll v. State,* 204 Ga. 510 (2) (50 SE2d 330); *McLendon v. State,* 205 Ga. 55 (3) (52 SE2d 294); *Walker v. State,* 208 Ga. 99 (3) (65 SE2d 403).

We hold that the trial judge correctly charged the law applicable to the issues and that his charge could not have confused the jury on the issues before it.

(a) Enumeration of error Number 10 complains that the trial court erred in charging the jury to "determine the issues by the preponderance of the evidence."

"Undoubtedly it was inaccurate to charge the jury as to the preponderance of testimony in a criminal case; but when the charge of the court is taken as a whole, it will appear that the error complained of is harmless, because the jury were instructed that they would not be authorized to convict the defendant unless they were satisfied of his guilt beyond a reasonable doubt, and this latter instruction was repeated several times." *Helms v. State*, 138 Ga. 826, 833 (76 SE 353); *Harper v. State*, 201 Ga. 10, 18 (39 SE2d 45). There is no merit in this enumeration of error.

(b) Enumeration of error Number 15 complains that the trial court instructed the jury in the hearing on the special plea of insanity that preponderance of the evidence meant that superior weight of evidence on the issues involved "which while not enough to wholly free the mind from a reasonable doubt" is erroneous because there is no requirement of law as to "reasonable doubt" in connection with a preponderance of the evidence.

"[T]he burden rests on the accused, under the presumption of sanity, 'to show by a preponderance of evidence, but not beyond a reasonable doubt, that at such time he was mentally irresponsible, under the tests recognized in this State.' *Rozier v. State*, 185 Ga. 317, 319 (195 SE 172)." *Hubbard v. State*, 197 Ga. 77 (2) (28 SE2d 115), and citations. There is no merit in this enumeration of error.

2. Enumeration of error Number 6 complains of several remarks made by the trial judge to the defendant when he was making his unsworn statement to the jury. The appellant contends that the remarks were "an intimation that the evidence showed defendant's guilt of some action, an expression of the opinion on the evidence, and an instruction in violation of the defendant's constitutional privilege against self-incrimination."

No motion for a mistrial or other objections were made to the statements of the trial judge. "A party cannot during the trial ignore what he thinks to be an injustice, taking his chance on a favorable verdict, and complain later." *Joyner v. State*, 208 Ga. 435 (2) (67 SE2d 221); *Sides v. State*, 213 Ga. 482 (99 SE2d 884); *Williamson v. State*, 217 Ga. 162 (1) (121 SE2d 782); *Collier v. State*, 223 Ga. 867 (159 SE2d 73); *Abrams v. State*, 223 Ga. 216 (9) (154 SE2d 443). This enumeration of error presents nothing for review by this court.

3. Enumeration of error Number 11 complains of a re-charge by

the trial judge to the jury. The record shows that the jury was returned to the jury box the day after they began their deliberations. On inquiry by the court, the foreman of the jury stated that they had progressed to the point of determining the sentence. The foreman stated that they stood 10 to 2 and had stood that way since the afternoon before. The court stated: "Well, I don't want anybody to give up their honest convictions in this case, but it occurs [to me that] *somebody is being a little unreasonable, stubborn.* I don't see how any jurors—as intelligent as any jurors we could get —and it's a very expensive operation to hold these trials for a week at a time and the jury ought to be able to reach a conclusion based on the evidence and by a preponderance of the evidence. I mean—on the evidence from the standpoint of a reasonable doubt. If there is a reasonable doubt you ought to acquit him. If there isn't a reasonable doubt, you ought to convict him. I'm going to let you go back and continue your deliberations. We're not going to declare a mistrial at this stage." A motion for mistrial was made on the basis of the remark by the court that some of the jurors were " 'being unreasonable, stubborn.' I feel this was prejudicial and might bring undue duress to their minds and cause them to be influenced by His Honor's remarks instead of the evidence."

The court is of the opinion that the portion of the charge complained of was error and demands the grant of a new trial. The trial judge should not in any case coerce the jury to find a verdict. He should not employ such expressions as injuriously affect the defense of the accused in a criminal case, especially if the case is a capital one, where the rule of reasonable doubt and the right of the jury to recommend mercy are involved. *Golatt v. State,* 130 Ga. 18 (3) (60 SE 107). The jury should be free to act and free from any seeming or real coercion on the part of the court. *White v. Fulton,* 68 Ga. 511. Before the jury was authorized to convict the defendant in this case, each juror, and not a mere majority of them, had to believe and be convinced in his own mind that the defendant was guilty beyond a reasonable doubt. The verdict that a jury renders, whether it be guilty or not guilty, must represent the unanimous conviction of all the members of the jury. The re-charge to the jury here intimated that one or more members of the jury should surrender his or

their conviction rather than cause a mistrial. Each juror has the right to form his own conviction. He is not required to surrender it because he is in the minority. He is not required to agree with the majority rather than cause a mistrial. The effect of this quoted charge was to coerce the jury to find a verdict, and operated to the injury of the defendant. *Domingo v. State*, 211 Ga. 691 (2) (88 SE2d 1) (not unanimous because of the dissent filed by Mr. Justice Almand).

4. Enumeration of error Number 3 complains that the trial court erred in ruling that a psychiatrist testifying as a witness for the defendant could not narrate specific incidents related to him by the defendant. The court permitted the psychiatrist to give "his opinion about the history of this case as he desires to do" and "testify as to what the defendant had been doing and so forth and so on." This enumeration of error is without merit. The record fails to show what specific incidents or details the defendant expected to prove by the witness. This court has held repeatedly that unless the defendant informs the court what answers were expected from the witness in response to the question propounded, the enumeration of error is too indefinite to show error. *McWilliam v. Pattillo*, 173 Ga. 771 (9) (161 SE 597); *Woodward v. Fuller*, 145 Ga. 252 (8) (88 SE 974); *Mulcay v. Mulcay*, 223 Ga. 309 (2) (154 SE2d 607).

5. Enumeration of error Number 12 complains that the court erred in charging the jury that corroboration could be shown by an outcry or report of an alleged rape by the victim. The defendant argues that a report or outcry goes only to the question of consent and not to the corroboration.

There is no merit in this contention. An outcry by the victim is a circumstance which the jury can consider on the question of corroboration. *Ryals v. State*, 125 Ga. 266 (2) (54 SE 168); *Dobbs v. State*, 214 Ga. 206 (1) (104 SE2d 121).

6. Enumeration of error Number 14 complains that the evidence was insufficient to support the verdict because there was no corroboration of the victim's testimony of the rape. This enumeration of error is without merit. The evidence shows the victim was brutally beaten, abused and raped by the defendant, that immediately thereafter the victim made an outcry to the defendant's brother who came upon the scene, that the brother "ran" the defendant off and called the police, that thereafter a police car came by, that the officer took the vic-

tim to a hospital where she was treated for extensive physical injuries, and her statement of rape was sufficiently corroborated by a medical examination.

7. The other grounds of the enumerations of error have been specifically abandoned by the defendant.

*Judgment reversed. All the Justices concur, except Undercofler, J., who dissents from the ruling made in Division 3 and from the judgment of reversal, and Felton, J., who dissents from the ruling made in Division 1.*

ARGUED APRIL 15, 1970—DECIDED MAY 21, 1970.

*Margaret Hopkins, Jess H. Watson,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Tony H. Hight, John A. Nuckolls, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Courtney Wilder Stanton, Assistant Attorneys General,* for appellee.

UNDERCOFLER, Justice, dissenting. I dissent from the ruling made in Division 3 of the majority opinion and from the judgment of reversal. In *Gambo v. Dugas & Son,* 145 Ga. 614 (3) (89 SE 679), after the jury had the case under consideration, the court in its re-charge to the jury stated: "It is your duty to agree on a verdict in this case. The case has been fully and completely tried. You are just as competent as any jury would be of disposing of it. I say to you, gentlemen, it is no credit to a juror to stand out, in a pure spirit of stubbornness, because he has taken a position. It is the duty of every juror to consult with every other juror and reach a mutual understanding in the case." It was held that this charge pressed the jury to the utmost line permissible, and to the very verge of error, and that though it was better for the trial judge to be more conservative in such matters, under the facts of the case and under former rulings of this court, the re-charge did not necessitate a reversal. In *Golatt v. State,* 130 Ga. 18 (3) (60 SE 107) this court held that a re-charge to the jury in the following words was not error: "that no juror should 'stick out' in a spirit of stubbornness; that it was no credit to a juror to do that; but that if any juror had honest, abiding convictions which he found impossible to recon-

cile, after due consultation with the other jurors, 'let him stand by them'; and that it was the duty of the jurors to confer together and make an honest effort to agree." The motion for mistrial in the instant case was based solely on the remark by the court that "some of the jurors were being unreasonable, stubborn."

"The trial judge may properly admonish the jury as to the propriety and importance of agreeing on a verdict, and may urge them to make every effort to harmonize their views and to agree on a verdict consistent with their consciences, care being taken not to suggest what verdict is proper, or to give instructions having a tendency to coerce the jury into agreeing on a verdict, or inviting them to disagree. The judge may urge, as reasons for agreeing on a verdict, the time and expense involved in the trial, and the time and expense which a new trial will entail." *Yancey v. State*, 173 Ga. 685, 692 (160 SE 867). There was a dissent filed in the *Yancey* case but this ruling was approved by a full bench decision of this court in *McLendon v. State*, 205 Ga. 55, 67 (52 SE2d 294).

In my opinion the trial judge did not make any suggestion tending to coerce any particular group of the jurors to agree with the others and I do not believe that reversible error was committed by him. *Hyde v. State*, 196 Ga. 475, 492 (26 SE2d 744) contains many citations on this subject.