## 63454. SANDERS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted of the offense of motor vehicle theft in two counts, the first offense occurring May 1, 1978, and the second on July 12, 1978, both automobiles allegedly stolen being the property of the same automobile dealer with whom this defendant was connected in some capacity. Defendant was sentenced to serve a term of seven years on each count to run consecutively. A motion for new trial was thereafter filed, amended and denied. The defendant appeals, the same being an out of time appeal ordered by the direction of a habeas corpus court based upon defendant's contentions that he was afforded ineffective assistance of counsel during the appellate process as he had instructed his retained counsel to appeal his case which counsel failed to do. *Held:*

The sole enumeration of error is that "[t]he trial court erred in charging the jury on a request to recharge that they would be required to deliberate (or to remain in the jury room) until they reached a verdict." The substance of the events surrounding this contended error apparently concerned a number of questions submitted by the jury inquiring certain things of the trial court. At that time (11:00 a.m. of the day of the trial) the court stated: "Ladies and gentlemen, you've sent a number of questions out inquiring of the Court certain things. I want to explain to you why in my opinion they have 12 people on the jury. Nobody's ever been able to figure it out. The reason they have 12 people on a jury is so that 12 of you might collectively remember more than one might or two or three or four or five. And the reason that this Court doesn't go back through the evidence and give it to you again is because of that reason. There's 12 of you there and all of you should remember if you were listening what the evidence was and I don't see any need in a one-day trial or a half a day trial to go back through the evidence and reiterate the evidence . . . There is no such thing as a perfect case. You could go back in your jury room and figure out a thousand questions to send me that will run through the 12 of your minds but this was a simple case and if you can't remember the evidence, I'm not going to help you any further with it. There are 12 of you and you should go back in there and sit down and talk among yourselves and determine what the evidence is. I'm not going to give you any other questions. It's sort of like a puzzle. If you can't figure the puzzle out, you'll just have to stay in there until you do. That's just the way it is. So, the 12 of you collectively should remember what the evidence was in a short case like this. So, if you will go back in and try to deliberate a little longer." After the jury had retired defense counsel objected to this instruction that this was tantamount to directing the jury that they would have to stay out until they reached a verdict. Whereupon the trial court stated he would not change his instructions. Less than 23 minutes later the jury returned its verdict of guilty on both counts.

Although the practice of giving supplemental instructions to encourage deadlocked juries to reach an agreement has been consistently approved by the appellate courts of this state since the decision in Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528), the content of these "Allen charges" is not without limit. Generally, these charges acknowledge that the verdict of "absolute certainty" cannot be expected in each case but remind the jurors of their duty to decide the case if possible and of the desirability that the jurors should listen open mindedly to each other's arguments, and of the desirability that a dissenting juror should consider whether his doubt was a reasonable one. Although there was no indication of a

deadlocked jury in the case sub judice, rather the jurors had requested a recharge as to matters, the nature of which does not appear upon the record, the value of the Allen charge cases lies in the definition of the parameters of direction which may properly be given by the trial court in encouraging the jury to reach a verdict. In reviewing our case law we find no circumstances authorizing the trial court to absolutely require the jury to reach a verdict. Such a charge as given in the case sub judice instructing the jury that they would "just have to stay in there until you [reach a verdict]," was tantamount to charging that even in the event of any conscientious and irreconcilable difference of opinion between the jurors, one or more jurors would be required to surrender his view in order to reach a verdict. The trial court may not unduly urge or press the jury to agree on a verdict. *Moore v. State,* 222 Ga. 748, 753 (5) (152 SE2d 570). "They should be left free to act, free from any seeming or real coercion on the part of the court." *Domingo v. State,* 211 Ga. 691, 696-697 (2) (88 SE2d 1). Compare such Allen charge cases as *Hardy v. State,* 242 Ga. 702, 706 (4f) (251 SE2d 289) and cits.

*Judgment reversed. Banke and Birdsong, JJ., concur.*

DECIDED APRIL 21, 1982.

*Edward Lang,* for appellant.
*Robert E. Wilson, District Attorney, Susan Brooks, Assistant District Attorney,* for appellee.