### 68574. HORNE v. THE STATE.
(322 SE2d 527)

McMURRAY, Chief Judge.

Defendant was convicted of armed robbery and appeals. *Held*:

The sole enumeration of error is that the trial court erred in recharging the jury upon request (after the jurors were unable to reach a verdict, standing 11 to 1). The message the court received from the jury was that the 12th juror also agreed to the guilty verdict, but because of "her morals views and conviction in her own heart she cannot and will not give the guilty verdict. Again the 12th juror does agree with the rest of us but cannot be the one to decide this verdict." Whereupon, the trial court proceeded to charge the jury that a unanimous verdict is required and that the jurors' verdict is not any one person's verdict but must be every person on the jury's verdict. The court then proceeded to charge the solemn oath that each had taken at the beginning of the trial and again charged them on reasonable doubt and then instructed them to proceed to further deliberation, "with an eye toward reaching a unanimous verdict, *if you can possibly do so*." (Emphasis supplied.)

Defendant contends that this instruction by the court was of such erroneous magnitude that the resulting guilty verdict was a questionable one and any improper conduct of any one juror is chargeable to the whole panel due to this juror's refusal to cast her vote for whatever reason. Thus, the trial court in reminding the jury of the oath they took, while charged to the entire panel, amounted to encouragement or order of the court to the sole juror that she must

cast her vote. While the court in a colloquy with trial counsel with reference to objection made after the jury had retired agreed with counsel that it was "directed toward that juror primarily, but not exclusively," and was directed to the panel as a whole. We do not agree with counsel that the trial court was absolutely requiring the jury to reach a verdict. The defendant cites *Sanders v. State*, 162 Ga. App. 175 (290 SE2d 516), that the trial court may not unduly urge or press the jury to reach a verdict, also *Moore v. State*, 222 Ga. 748, 753 (152 SE2d 570), and *Domingo v. State*, 211 Ga. 691, 696-697 (2) (88 SE2d 1), that the jury should be left free to act, free from any seeming or real coercion. It is not improper to instruct the jurors that they must take a stand and are not permitted to abstain from rendering a verdict of either guilty or not guilty. *Pender v. State*, 249 Ga. 495, 496-497 (2) (292 SE2d 69). Considering the recharge as a whole, it is clearly not so extreme or improper as to deprive the defendant of his right to a fair trial, nor did it in any wise suggest in any manner that the State's burden of proving each element of the crime had diminished. See *Anderson v. State*, 247 Ga. 397, 399-401 (276 SE2d 603). We find no merit in this complaint.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 24, 1984.

*Joseph W. Gudelsky*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Margaret V. Lines, Assistant District Attorneys*, for appellee.