## A91A0290. McGUIRE v. THE STATE.
### (408 SE2d 506)

BANKE, Presiding Judge.

The appellant was convicted on an indictment charging that he had committed an aggravated assault against one Judy Gilbert by assaulting her with a deadly weapon — specifically, a knife.

Ms. Gilbert was attacked from behind and was consequently unable to identify the assailant. However, a passing motorist to whom she had run for help immediately after the assault testified that he had observed "another person standing up, like, on the grass by the sidewalk" at the time, and he positively identified this person as the appellant. He stated that there was a streetlight at the location where the appellant was standing and that after the two of them looked at each other briefly, the appellant "took off running . . . towards [the] Piggly Wiggly." A third witness who had been present at the scene testified that she heard a woman scream for help and saw a "black man attack a white woman." Although she could not identify the assailant, she stated that she subsequently saw him "running across the street . . . towards the Piggly Wiggly." There was additional evidence establishing that the appellant had been present at the scene of the offense shortly before it occurred. *Held*:

1. The evidence, construed in the light most favorable to the verdict, was amply sufficient to enable a rational trier of fact to find the appellant guilty of the offense charged beyond a reasonable doubt. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We reject the appellant's contention that the state's proof was deficient due to the absence of any direct evidence that the victim had been assaulted with a knife. The victim testified that she was covered with blood following the assault and that she was thereafter hospitalized with a punctured lung. It could reasonably be inferred from this testimony that she had been stabbed with a knife, "even in the absence of the production or verbal description of the weapon used. . . ." *Wade v. State*, 157 Ga. App. 296, 297 (277 SE2d 292) (1981). Moreover, the appellant effectively stipulated that the victim had been assaulted with a knife. During his charge to the jury, the trial judge stated: "Now, the parties have agreed [during the pre-charge conference] that Judy Gilbert was assaulted with a deadly weapon, this is, stabbed with a knife. The question for you to decide is whether the defendant . . . is the person who committed this aggravated assault." Inasmuch as the appellant did not take issue with this statement, he is not now in a position to challenge the sufficiency of the state's proof in this regard.

2. The witness who was able to identify the appellant as the assailant during the trial had previously selected his picture from a photographic lineup shown to him by the police. This display had in-

cluded the photograph of another man whose picture the witness had previously selected from a mug book; and the officer who had assembled the photographs for the lineup testified at trial that after initially wavering between this other individual's photograph and the appellant's, the witness had asked to see a "better picture" of the appellant. The state's attorney thereupon asked the officer, "Did you have a better picture," and the officer responded: "Yes sir. We did off the fingerprint card." The appellant contends that the trial court erred in denying his subsequent motion for mistrial on the ground that this testimony impermissibly placed his character in issue. This contention is without merit. It was shown that the photographic lineup had been conducted subsequent to the appellant's arrest on the charges for which he was on trial; and under these circumstances, the reference to the fingerprint card did not suggest that he was guilty of any previous crime. Accord *Little v. State*, 135 Ga. App. 772 (1) (219 SE2d 19) (1975).

3. The appellant contends that the trial court erred in discharging one of the jurors during the course of their deliberations and replacing him with an alternate. The juror in question was discharged on the ground that he had inspected the crime scene on his way home from the courthouse the previous evening, in violation of the court's instructions, and had discussed his observations in this regard with the other jurors. After questioning each individual juror about the matter, the trial judge stated: "I think he [the juror] has not only violated my instructions, but I do think that he's tried to influence the other jurors in the case. And I'm going to disqualify . . . [him]." The appellant contends that such action was not authorized in the absence of a showing that the juror's misconduct had rendered him incapable of returning an impartial verdict. This contention is also without merit.

"The excusal of a juror and the substitution of the alternate juror are matters 'necessarily within the discretion of the trial court. . . .' " *Graham v. State*, 171 Ga. App. 242 (5), 249 (319 SE2d 484) (1984). The trial judge is required by OCGA § 15-12-172 to substitute an alternate juror for any juror who "dies, becomes ill, upon other good cause shown to the court is found to be unable to perform his duty, or is discharged for other legal cause. . . ." The trial judge did not abuse his discretion in concluding that the failure of the juror in question to adhere to his instructions to decide the case solely on the basis of the evidence introduced at trial, combined with the juror's subsequent conduct in attempting to influence the other jurors to do likewise, constituted "legal cause" for his removal. Indeed, the very reason the appellant contends he was harmed by the excusal of this juror was that the juror "had contradicted the placement of the street light as testified to by the state's witnesses."

4. Although he made no such objection at trial, the appellant contends on appeal that the trial court erred in making the following statement to the jurors immediately after giving them an *"Allen* charge" during the course of their deliberations: "I can tell you that there's no need writing me any [more] letters. We're going to be here for a long time because I want this case to come to a conclusion if it's possible." The appellant argues that this language was impermissibly coercive under the standard set forth in *Sanders v. State,* 162 Ga. App. 175 (290 SE2d 516) (1982), in that it was "tantamount to charging that even in the event of any conscientious and irreconcilable differences of opinion between the jurors, one or more jurors would be required to surrender his view in order to reach a verdict." Id. at 177. We disagree. The instruction in *Sanders* was: "If you can't figure the puzzle out, you'll just have to stay in there until you do." This is a far cry from telling the jurors, "We're going to be here *for a long time* because I want this case to come to a conclusion *if it's possible."* (Emphasis supplied.) In any event, the appellant not only failed to object to the statement at issue after it was made, he affirmatively represented to the trial court that he had no objection to it. Accordingly, this enumeration of error presents nothing for review.

5. Because the appellant affirmatively indicated to the court that he had no objections to the charge as given, the appellant's remaining enumerations of error likewise present nothing for review. See generally *Jackson v. State,* 246 Ga. 459, 460 (271 SE2d 855) (1980).

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED JULY 16, 1991.

*James A. Nolan, William P. Bartles,* for appellant.
*Joseph H. Briley, District Attorney, Fredric D. Bright, Assistant District Attorney,* for appellee.