A92A2021. DEAN v. THE STATE.
(422 SE2d 569)

McMURRAY, Presiding Judge.

Defendant Dean was charged by indictment with the offense of possession of cocaine with intent to distribute, a violation of the Georgia Controlled Substances Act. The jury returned a verdict of guilty of simple possession of cocaine and defendant was sentenced to serve 25 years in the state penal system. *Held*:

The jury began their deliberations shortly after 2:35 p.m. At approximately 4:25 p.m. the trial court summoned the jury and the following colloquy ensued: "The Court: Who's the foreman or the forewoman of the jury? A Juror: I am, your honor. The Court: Mr. Foreman, the Court would like to make an inquiry of you and the jury. I do not wish you to tell me exactly how you stand but just the division, do you stand eleven to one or ten to twelve — I mean, six? The Juror: It's ten to two, your honor. The Court: six to six — beg your pardon? The Juror: It's ten to two. The Court: Well, I just wanted to see what your division was. I don't know whether you would prefer to stay tonight or recess and come back tomorrow? The Juror: I think the consensus of the jury is to attempt to reach a verdict this evening. The Court: Well, we can't stay much longer. I don't mind staying after 5:00 o'clock but I hate to keep the staff. Some of the staff has babysitters who have to leave at a certain time and so forth. So we can give you until 5:00 o'clock. The Juror: Okay. I think we understand the time frame, your honor, and we will do our best to reach a verdict. The Court: Just retire to the jury room, if you will, and continue your deliberations. The Juror: Thank you."

In his sole enumeration of error, defendant contends that this exchange amounted to coercing the jury to reach a verdict by creating

the impression in the trial court's instructions to the jury that the jury was required to reach a verdict by a time certain. Pretermitting any questions as to whether the issue presented on appeal was preserved for appellate consideration by proper objection at trial, we reject the defendant's suggestion that any statement by the trial court during this colloquy amounted to a coercive instruction which could have caused a juror to abandon an honest conviction for reasons other than those based upon the trial or arguments of other jurors. Compare *McMillan v. State*, 253 Ga. 520, 522 (4), 523 (322 SE2d 278). There was no expression of personal opinion as to what had or had not been proven in the case sub judice. Nor was the jury urged to reach a speedy verdict in the case sub judice. See *Moore v. State*, 222 Ga. 748, 753 (5) (152 SE2d 570). The jurors could not have reasonably failed to recognize that the trial court had offered them the option of recessing and reconvening the following day if they did not complete their deliberations by the end of the normal business day. See also *Richardson v. State*, 177 Ga. App. 48, 50 (3) (338 SE2d 506) and (the two judge case of) *Watson v. State*, 178 Ga. App. 778, 782 (7) (344 SE2d 667). Compare *Sanders v. State*, 162 Ga. App. 175, 177 (290 SE2d 516).

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 18, 1992.

*Michael B. Lyndall,* for appellant.
*Lewis R. Slaton, District Attorney, Leonora Grant, Assistant District Attorney,* for appellee.