A93A1311. GOOLSBY v. THE STATE.
(438 SE2d 394)

SMITH, Judge.

Ronnie Eugene Goolsby was tried on two counts of selling cocaine, OCGA § 16-13-30 (b). Goolsby was convicted on one count and acquitted of the other. The affirmative defense of entrapment was ar-

gued as to both counts. Goolsby appeals following the denial of his motion for new trial.

1. Goolsby enumerates as error the admission into evidence of a written custodial statement by him. A *Jackson-Denno* hearing was conducted that began with the jury present but ended outside the jury's presence. After the hearing, the trial judge found, "from a preponderance of the evidence, that the defendant was advised of each of his Miranda rights; that he understood them; that he voluntarily waived them; and, that he thereafter gave his statement freely and voluntarily without any hope of benefit or fear of injury." The evidence at trial before the jury was excused showed that Goolsby was interviewed in an office at the Jasper County Sheriff's Department. The officer taking the statement testified that Goolsby was read his *Miranda* rights from a form; that Goolsby was informed of the charges against him; that he signed a written form to that effect, which also stated that Goolsby had not been "threatened," "promised anything," or "forced in any way to answer any questions, or make any statements"; that the officer in fact did none of those things; that Goolsby appeared to understand his rights; and that Goolsby freely and voluntarily made a statement to him.

At defense counsel's request, the jury was excused after this testimony for a "*Jackson-Denno* hearing," at which time defense counsel cross-examined the officer. The officer testified during cross-examination that he did not know whether Goolsby was allowed to talk to relatives, family, or an attorney in the interval between arrest and questioning; that he was aware that Goolsby had only an eighth grade education; that he did not know whether Goolsby could read or write; that he "wrote . . . out" the statement Goolsby signed; that the written statement was Goolsby's statement "almost verbatim"; that no one else was present during the interview; and that Goolsby did not appear to be under the influence of alcohol or drugs.

On redirect examination, the officer testified that Goolsby never asked that the interview be terminated; that Goolsby did not ask for an attorney; that he did not add or subtract anything from Goolsby's statement; and that he went over the statement with Goolsby prior to his signing it. Although Goolsby testified at his trial, he did not testify regarding the voluntariness of his statements during the hearing.

"A trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will withstand attack on appeal unless they are clearly erroneous. [Cit.]" *Walker v. State*, 186 Ga. App. 765, 766 (2) (368 SE2d 547) (1988). The trial judge's finding in this case was not clearly erroneous, and we therefore find no error.

2. Goolsby asserts as error the trial court's refusal to charge the jury that "the function of law enforcement is the prevention, not the

manufacture, of crime." *Thornton v. State*, 139 Ga. App. 483, 486 (4) (228 SE2d 919) (1976). While this is a sound rationale for the existence of the affirmative defense of entrapment, we agree with the trial court's determination that the requested charge is argumentative and therefore improper. *Loder v. State*, 140 Ga. App. 166, 170-171 (5) (230 SE2d 124) (1976) (vacated on other grounds but reaffirmed, 141 Ga. App. 665 (234 SE2d 132) (1977)). The transcript reflects that the jury was adequately charged regarding Goolsby's entrapment defense. "It is well established that language which is appropriate when contained in an opinion by a reviewing court may be improper when embodied in a jury charge. [Cits.]" *Lofton v. State*, 157 Ga. App. 447, 448 (1) (278 SE2d 94) (1981). A charge by the court explaining the rationale for the entrapment defense in this case would have been no less argumentative than one explaining the rationale for a law against selling cocaine. In this regard, see generally *Gibbs v. State*, 174 Ga. App. 19 (1) (329 SE2d 224) (1985). We find no error.

3. Goolsby has failed to support his remaining enumerations by argument or citation of authority, and they are therefore deemed abandoned pursuant to Court of Appeals Rule 15 (c) (2). *Williams v. State*, 202 Ga. App. 494, 496 (3) (414 SE2d 716) (1992).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 29, 1993.

*Roy R. Kelley III*, for appellant.
*Joseph H. Briley, District Attorney, James L. Cline, Jr., Assistant District Attorney*, for appellee.