### A95A0249. WILLIAMS v. THE STATE.
(457 SE2d 257)

SMITH, Judge.

Willie Gene Williams was indicted on charges of peeping Tom, burglary, aggravated assault, simple battery, and attempted rape, arising out of two separate incidents. A jury convicted him of burglary, OCGA § 16-7-1, aggravated assault, OCGA § 16-5-21, and simple battery, OCGA § 16-5-23, and acquitted him on the two remaining charges. His motion for new trial was denied and he appeals.

1. Williams first complains of a comment the trial judge made while dismissing the jurors for the evening: "Ladies and gentlemen,

this is serious business. You are going to get down to some serious deliberations tomorrow, and you're going to resolve this case. Okay? I don't have a thing to do tomorrow. I don't have a thing to do Saturday. I don't have a thing to do Sunday, and I'll be back up here Monday having court again. Okay?" The trial judge twice instructed the jurors not to continue their deliberations until they returned in the morning. In the morning, the trial judge gave the jury a standard "Allen charge," including that a verdict should be reached "if possible," that no juror should merely acquiesce in order to reach an agreement, and that the issues should be decided if the jurors "conscientiously" could do so.

We must consider whether the trial court's instructions, taken as a whole, were "coercive so as to cause a juror to abandon an honest conviction for reasons other than those based upon the trial or the arguments of other jurors." *McMillan v. State*, 253 Ga. 520, 523 (4) (322 SE2d 278) (1984). We conclude that they were not.

In *McMillan*, the Supreme Court held that the trial court committed reversible error and coerced the jury by commenting on the evidence: " 'I feel like there is enough evidence in this case for you to reach a verdict.' " 253 Ga. at 523. In *Moore v. State*, 222 Ga. 748, 753-754 (5) (152 SE2d 570) (1966), the Supreme Court disapproved the trial court's request of the jury to "work toward reaching a speedy verdict in this case," but held the trial court cured the error in recharge. In *Sanders v. State*, 162 Ga. App. 175 (290 SE2d 516) (1982), the trial court erred in instructing the jury, " 'If you can't figure the puzzle out, you'll just have to stay in there until you do.' " Id. at 176. We concluded this statement was "tantamount to charging that even in the event of any conscientious and irreconcilable differences of opinion between the jurors, one or more jurors would be required to surrender his view in order to reach a verdict." Id. at 177. The trial court in *Sanders* also told the jury " 'this was a simple case.' " Id. at 176. Thus, three general categories of comments by the trial court are considered coercive: commenting on the evidence, telling the jury that they must reach a verdict within a set time, or intimating to the jury that they will be confined until they reach a verdict.[1]

Here, the trial judge not only did not comment on the evidence, but was careful to state to the jury that he would not comment on the evidence and did not want to know whether there was a majority in favor of conviction or acquittal. Nor did he command the jury to hurry and reach a verdict, but instead, he stated that they would be

---

[1] The ultimate expression of the latter was the tradition at common law of confining the jury "without meat, drink, fire, or candle . . . till they are all unanimously agreed." 3 William Blackstone, Commentaries *375.

given ample time to do so. See *Dean v. State*, 205 Ga. App. 512 (422 SE2d 569) (1992) (statement that "we can't stay much longer . . . we can give you until 5:00 o'clock" held not error where trial judge also indicated jury could reconvene the following day).

This court has also considered other aspects of a case, including other portions of the trial court's instructions, which may attenuate or defuse any potentially harmful comment. Such considerations include whether there is only circumstantial evidence in the case, whether the defendant testified, and whether the trial court instructs the jury that the verdict is theirs to reach and expresses no opinion on the evidence. Under such circumstances even a comment by the trial court that there is enough evidence to reach a verdict is not unduly coercive. *Concepcion v. State*, 200 Ga. App. 358, 359-360 (1) (408 SE2d 130) (1991).

Here, the evidence was not purely circumstantial, and the defendant testified and denied the charges. While the trial court's initial comment was probably ill-advised, any adverse effect was attenuated by the repeated cautions to the jury not to continue its deliberations and the charge given the jury on the following morning reiterating that the jurors were not to reach a verdict purely for the sake of acquiescence. See *Evans v. State*, 201 Ga. App. 20, 29 (9) (410 SE2d 146) (1991). Taken as a whole, the trial court's instruction was not coercive.

2. In his remaining enumeration of error, Williams contends the trial court erred in failing to give his requested charge no. 11. This request, which Williams based upon OCGA § 17-8-71,[2] was argumentative in that it sought to have the trial court speculate on an accused's election to introduce no evidence. Moreover, the trial court accurately charged concerning the substance of OCGA §§ 17-8-71 and 24-9-20 (c). See *Goolsby v. State*, 211 Ga. App. 143, 145 (2) (438 SE2d 394) (1993). The trial court did not err in refusing to give Williams' requested charge.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED APRIL 27, 1995.

*McGee & McGee, Jim B. McGee,* for appellant.
*Richard E. Currie, District Attorney, Alexander J. Markowich, Assistant District Attorney,* for appellee.

---

[2] The request itself erroneously cites OCGA § 17-8-21.